Spring Term
1839.

*Embry et al.*
vs
*Devinney.*

---

## Embry *et al. vs.* Devinney.

[Mr. Owsley for appellants: Mr. Pirtle for appellee.]

FROM THE CIRCUIT COURT FOR JEFFERSON COUNTY.

*June 13.*        Chief Justice ROBERTSON delivered the Opinion of the Court.

The act of '96, which, upon a re \turn of *no inhab- \itant*, abates the .suit, does not apply where the writ is executed on one deft. and another is return ed 'not found.'

Several defend- ants may, (under the act 1812, §4) be sued in any county where ei- ther of them re- sides, & process, to be served on other defts. may be sent to their counties; or, the

THE enactment of 1796 (2 *Stat. Law*, 1459,) which pro- vides that—"if *the defendant* cannot be arrested by the "sheriff, and shall be a *known* inhabitant of *another coun-* "*ty*, the sheriff shall return the truth of the case, and "thereupon the process, as to such defendant, *shall* "abate"—does not apply to such a case as this, in which the sheriff of the county in which the suit was institut- ed returned on the writ that he had executed it on one of the defendants, and that the other defendants were "*not found.*" The object of the enactment of 1796, was to prevent the *prosecution* of a suit against a party not residing, at its commencement, in the county in which it was brought; and therefore, the statute directed the

sheriff to ascertain the truth, and return it on his writ, in all such cases; and thereupon required a peremptory abatement of all such improper suits.

But the fourth section of an act of 1812 (1 *Stat. Law,* 343,) authorizes a plaintiff to sue several defendants in any county in which either of them resides, and to issue process to any other county in which a co-defendant resides; and the sixth section of the same act (*Ibid.* 88–9,) authorizes an abatement as to any one as to whom the sheriff of the county in which the suit is brought, shall have returned "no inhabitant of the county"—and the second section of an act of 1825, (*Ibid.* 90,) authorizes the same judgment, in the same class of cases, on a return of "*not found*" by the same officer.

And consequently, as the sheriff of Jefferson, in which this action was brought, returned that he had executed the writ, on one of the defendants, and that the other defendants were not found in his county, the plaintiff was not bound to abate his suit as to all or any of them; but had the right to elect, as he did, to issue an *alias* to another county; and, upon a return of sufficient service thereof, he had a right to abate as to those returned "not found," and ask a judgment against those upon whom there had been sufficient service.

Wherefore, the first objection to the judgment in this case, cannot prevail.

Nor can we decide that the next, and only other objection to the judgment is sufficient to authorize a reversal.

Though the special docket, which the Circuit Court of Jefferson is required to keep, may, so far as this case was concerned, have been somewhat irregular, yet the case being called on the 12th of January, and continued to the 13th, it was, we think, the duty of the counsel of the defendants to be in Court on the 13th, if he had any defence to make.

But however this may be, the affidavits do not suggest that any available defence would or could have been made, had the defendants or their counsel been in Court. The alleged surprise does not appear, therefore, to have been prejudicial; and we are not authorized to direct a

*Marginal notes:*

suit may be abated as to those returned *no inhabitant* (same act, sec. 6,) or "not found"—act of 1825.

When a writ is returned executed on one or more of the defts. by the sheriff of the county where the suit is instituted, and that others are *not found*, the pltf. is not bound to abate as to any; but may, at his election, abate as to them, or send process for them, to other counties.

It is the duty of a lawyer who is to defend a suit, to attend at the day to which it is continued, upon being called. His failure to do so, it seems, is not ground for reversing a judg't.

An affidavit of surprise, by a judg't, rendered when the cause was called unexpectedly to the deft. is not sufficient, unless it discloses, also, an available defence.

new trial when we have no ground for presuming that it will be availing to the party seeking it, or have any other effect than that of delay.

Wherefore, we feel constrained to affirm the judgment.