## C. W. ROBINSON *v.* W. J. AMANN.

[Abstract Kentucky Law Reporter, Vol. 1—326.]

**Motion for a New Trial.**

Where a plaintiff and his attorney, both believed that their cause would not be reached for trial on a certain day when it was assigned for trial, were absent when the case was tried and a verdict rendered for the defendant before a motion for a new trial can be allowed, such plaintiff must make it to appear that the absence of himself and counsel was caused by an unavoidable casualty or misfortune, and facts showing that the result of the trial would have been different if himself and counsel had been present.

APPEAL FROM McCRACKEN CIRCUIT COURT.

October 21, 1880.

OPINION BY JUDGE HINES:

Appellant and his counsel, believing that the cause would not be

reached for trial, were both absent from the court when the answer was filed, and the case tried and verdict rendered for appellee. On the day following a motion for a new trial, upon the ground of surprise, was made and overruled. There appears to us to be two reasons why the judgment should not be disturbed.

First: The absence of appellant and his counsel does not appear to have been caused by any unavoidable casualty or misfortune; and, Second: There is nothing to indicate that the result would or should have been different if counsel or the client had been present. The affirmative matter in the answer, when uncontroverted by reply, entitled appellee to a verdict. Appellant tendered no reply on his motion for a new trial, nor is it in any way intimated that he could have truthfully controverted the matters set up in the answer. *Landrum v. Farmer*, 7 Bush 46; *Yancey v. Downer*, 5 Litt. 8; *Embry v. Devinney*, 8 Dana 202.

Judgment *affirmed*.

*W. G. Bullitt, Henry Barnett, for appellant.*

*J. W. Bloomfield, for appellee.*