OPINION of the Court, by
Ch. J. Boyle.
Patterson brought an action of trespass quare clausum freg'it et bortis asportatis in the Pulaski circuit court, against Glover Matthews and Nancy Matthews his wife, Nathaniel Matthews and Elizabeth Wilson. The original writ was returnable to the October term 1809, was directed to the sheriff of Clark county, and executed upon Clover Matthews and wife, and Elizabeth Wilson, the 18th of, September, and a copy of the declaration delivered. An alias issued against Nathaniel Matthews, directed to the sheriff of Pulaski, and was executed during the October term ; and at the April term 1810, a judgment by default was obtained against the whole of the defendants, for ¡8 115 and costs.
To stay proceedings upon the judgment, and obtain a new trial, Glover Matthews and wife filed their bill in chancery, in which they in substance allege that they were not guilty of the trespass complained of, apd assign as a reason for not having defended the sui^, that he had the misfortune to be entirely blind, and being in consequence of his blindness incapable of personally attending to the defence of the suit, he had engaged as his agent for that purpose, his ccdefendant Nathaniel Matthews, to whom he gave money to employ a lawyer 5 but that the said agent had either deceived the complainants, or the lawyer had deceived him, and no de-fence was made.
The answer denies the material allegations of the bill, and insists that the reason assigned for not defending the suit, is not a sufficient ground for decreeing a new trial.
On a final hearing the court below decided that the former verdict and judgment should be set aside, and a new trial awarded i from which decree this appeal ha» been prosecuted.
*81 t ft eaíinot be doubted, that case* have ánd may occur 1b wffich-a court of equity may with propriety interpose to grant a ne w trial; b'dt the case made oUt by the com* plainants does not appear to be one of this description.' It is a settled rule, that'a new- trial ought not to be awarded on account of the neglect of the agé'nt or attorney of the party applying for it; fot such neglect is equivalent to the neglect of the party himself, and he may have a remedy over against his agent Or'attorney. This rule, as Well as the reasons upon which it is found* éd, seem to be as applicable td the present case as to any other. The privilege of managing the .proseciitiont Or defence of a stíit bv agent or attorney, is not peculiar to those who are physically incapable of attending to it themselves. The same privilege ⅛ allowed by law to every person ; and wherever the law allows *tlie same privilege, the same leg-al consequences must follow front it. But besides the complainants' do not she W that they were entirely exempt from the imputation of negligence themselves; It is not stated whether they engaged their agent to prepare for their defence at the October term of180¾, or at the April term following, when ⅛⅛ judgment was rendered. If it were at the October term, they ought to have known before' the trial of the’ cause that their agent had neglected to employ a lawyer, or to have shewn some reason foroot having known it; and if it were not until the term when the judgment Was rendered, as the cause was in a situation to be tried as to them at the October term preceding, they'mast have been guilty of an inexcusable negbgéncé.
Decree reversed, and remanded for bill to he dis»' missed with costs, See*