Joseph How *v.* Charles Bodman.

---

## JOSEPH HOW *v.* CHARLES BODMAN.

1. A new trial will not be granted, on the ground of newly discovered testimony, if the same is merely cumulative, and does not go to some point not already in proof: nor, where a witness, on the trial, has omitted or neglected to testify to certain material matters within his knowledge at the time.
2. Another rule controlling the weight of newly discovered evidence, is, whether, if the new facts, as stated, had been proved on the trial, would the legitimate effect of such evidence have been such as to require a different verdict, and not whether the jury might not have, thereby, been induced to have given a different verdict.
3. Section 297 of the code permits a new trial "for accident or mistake, which ordinary prudence could not have guarded against:" the mistake, error, or neglect of counsel, or his client, in not giving the adverse party reasonable notice of the client's intention to testify, on his own behalf, does not come within the rule of that section.

SPECIAL TERM.—This was an action for libel, tried before

Storer, J., at the December term, A. D. 1855, resulting in a verdict for the defendant. Thereupon the plaintiff files his motion for a new trial for reasons:

1. That the verdict was contrary to the evidence.

2. That it was contrary to the law, as given in charge by the court.

3. That by inadvertence of counsel, or his neglect, the plaintiff, who would otherwise have testified in his own case, was prevented from being a witness, whereby the full merits of the case were not presented to the jury; that, thereby he was surprised, and ought, in justice, to have a new trial.

4. That since the trial, evidence material to the issue, has been discovered, which was not known to the plaintiff, or his counsel, at the time of trial.

*F. T. Chambers,* for plaintiff.

*Edmund Pendleton,* for defendant.

Storer, J. The plaintiff has filed his motion for a new trial, and alleges the following reasons:

1. That the verdict was contrary to the evidence.

2. That it was contrary to the law, as given in charge by the court.

3. That by inadvertence of counsel, or his neglect, the plaintiff, who would otherwise have testified in his own case, was prevented from being a witness, whereby the full merits of the case were not presented to the jury; that, thereby he was surprised, and ought, in justice, to have a new trial.

4. That since the trial, evidence material to the issue has been discovered, which was not known to the plaintiff, or or his counsel, at the time of trial.

Although it is universally held that new trials are to be granted or denied, as a matter of judicial discretion, the court must, nevertheless, proceed upon legal principles in their action.

-They can not, and ought not, to establish a new rule to meet particular cases, or disregard, in their decision, the well-settled practice. It is not, therefore, because the judge might have been better satisfied with a verdict different from that the jury have rendered, that their finding should, as a matter of course, be set aside, nor yet can it be claimed that the facts proved may admit of another construction than that given by the jury. We are concerned only, in considering the question of a new trial, with what was the weight of the evidence; if the proof offered may well have authorized a verdict for either party, as the jury should believe the witnesses, or regard the general testimony adduced, we must leave the parties where the verdict has placed them. In the present case, neither party excepted to the law as charged by the court, nor did either ask any special charge to be given; in fact, it is not alleged as the ground for an interference, that the law was not fully stated. It is claimed, nevertheless, that the verdict was against the evidence, and we are asked so to hold. The testimony was carefully explained to the jury by the] counsel for both parties; they doubtless examined and weighed it; it was their appropriate function so to do, and there is, in our opinion, no such decided finding against the clear weight of evidence as will permit us to say the verdict ought not to stand. If it had been the other way, we might, or should not have interfered. The value of the testimony, the credibility of the witnesses, the motives of the defendant, the whole mass of circumstances connected with the case, were submitted to the appropriate tribunal, under a carefully considered statement of the law by the court; the opinion of the jury must be the guide of our judgment, and we feel bound to sustain their verdict.

It is claimed that newly discovered evidence has been obtained, material to the case, and which was not known to the plaintiff until since the trial was had.

The testimony is in the affidavit of a witness who was examined at the trial, for the plaintiff; it refers to a conver-

sation had between himself and the defendant, which he did not communicate to the plaintiff or his attorney, until after the trial; giving as a reason, why he did not state it when he was on the stand, because he did not know "that he was bound to do so, unless asked."

It certainly was the duty of the witness to have stated the whole truth, and kept back no part of it, whether he was inquired of or not. He does not fulfill the obligation of his oath until he has given a full exposition of all the circumstances within his knowledge, and it is as great a violation of the moral law, to suppress a fact, as it is to state a falsehood. There is an equal abuse of conscience in the one case as in the other. But we know of no case where a witness who has testified on the trial, has been permitted to supply a deficiency of proof by an affidavit subsequently made; it would lead to the most disastrous consequences in the decision of causes; and, if the witness was forgetful, either from design or carelessness, or could be molded to suit an exigency, parties would never know when their litigations were at an end. There must be a period beyond which legal controversies can not be allowed to proceed. 7 Mass. 205, *Bond* v. *Cutler.*

If, however, we permit ourselves to consider the affidavit, we must take it subject to another rule. It is this: "not that the jury might have been induced to have given a different verdict, if the fact now stated had been proved, on trial, but whether the legitimate effect of such evidence would be to require a different verdict." 4 Ohio, 44, *Ludlow's Heirs* v. *Park.*

Now we can not say that the finding of the jury must necessarily have been for the plaintiff, had the witness deposed, on the trial, all he has stated in his affidavit. They might have found the same verdict they did find, notwithstanding such proof was in the case.

Again, there is another rule by which applications for a new trial on account of newly discovered testimony, are governed. If the testimony offered is merely cumulative,

and does not go to some point not already proved, or to establish which proof has before been offered, it is never regarded as furnishing a ground for the interference of the court. 5 Ohio, 386, *Reed* v. *McGrew;* 11 Ohio, 147, *Perrin's adm'r* v. *Protec. Ins. Co.;* 2 Caines, 129, 133, *Steinbach* v. *Col. Ins. Co.;* 6 Pick. 114, 116, *Gardner* v. *Mitchell;* 10 Pick. 16, *Sawyer* v. *Merrill.* Now the affidavit, admitting its full effect, proves only what is alleged to be the malice of the defendant, and that fact was brought directly before the jury on the trial; it was sought to be proved, by several witnesses, and was very eloquently and ably urged by the counsel, as having been clearly established.

The evidence now offered is to the same point, and comes directly within the legal meaning of cumulative testimony.

It is further claimed that the plaintiff was prevented from being a witness in his own case, under the code, by the neglect of his counsel to notify the adverse party of his intention to testify; and therefore there has been surprise, in consequence of which the merits of the controversy were not fully presented to the jury.

The third clause of section 297 of the code permits a new trial, " for accident or mistake, which ordinary prudence could not have guarded against," and we suppose this is but the affirmation of a rule already well understood and equally well defined.

Thus, the mistake, or error, or neglect of counsel, have never been held to be within the rule; they are the acts of the client in the view of the law. 10 Modern, 202, 203, *Regina* v. *The Corporation of Helston in Cornwall;* 2 D. & E. 120, *Vernon* v. *Hankey;* 3 Howard, Miss. 105, *Green* v. *Robinson;* 13 Ill. 212, *Yates* v. *Monroe;* 3 Bibb, 80, *Patterson* v. *Matthews.*

By section 310 of the code, it is provided that " no person shall be disqualified as a witness, in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise." And by section 313 it is further provided that "no party shall testify unless he give

reasonable notice of his intention so·to do, to the adverse party, his agent, or attorney." The object of this clause is clear. It was intended to guard the adverse party from surprise by the unexpected appearance of· his antagonist to establish his claim before the court. The introduction of such testimony is a legal anomaly, except in the practice of the civil law, and was not, therefore, admitted by the code, unless with the qualification referred to; the notice to be given of his intention to testify may be, and often is, given by the party himself, though the attorney may do so in his stead; and the notice should be reasonable, certainly long enough to inform the other party and enable him to prepare his defense, with the knowledge that the injured person, as in this case, intends to establish, by his own oath, his claims to damages. This notice was not given by the plaintiff, or his attorney. On the trial, the plaintiff offered himself to testify; the defendant's counsel objected to his being sworn, on the ground that he had not been advised of his intention to testify; the judge sustained the objection, and we are now asked to supply the defect, in the want of notice, and by setting aside the verdict, give the plaintiff an opportunity to testify.

We can not, with our view of the law, grant the plaintiff's motion. He is supposed to have known the requisitions of the code; he omitted to follow them, and is, therefore, not within the language of the section, that his mistake could not, by ordinary prudence, be guarded against.

The court would have been better satisfied if the whole case, as is stated in the plaintiff's affidavit, had been presented to the jury, but they can not say the verdict would have been changed if the plaintiff had testified.

We overrule the motion, and render judgment on the· verdict,