JUDGE HARDIN
delivered the opinion of the court.
In 1864 the appellant and appellee were engaged, under different contracts between them, in the purchase of tobacco for speculation, and afterward entered into an informal arbitration to settle their accounts arising out of these transactions, *48 by which it was apparently ascertained that the appellee, Lncien Farmer, was indebted to the appellant, J. D. Landrum, in about the sum of $1,000, for which Farmer executed to Landrum a bond for his undivided interest in a tract of land in his possession in Marshall County, and which was owned by him and Landrum jointly; it being agreed at the time that the settlement should be corrected if afterward found to be erroneous.
Subsequently Farmer brought a suit in equity against Landrum in the Marshall Circuit Court, alleging various errors in said settlement to his prejudice, which he sought to have corrected; and claiming that on a fair settlement of said transactions he was not indebted to Landrum, as supposed, but the latter was largely indebted to him. He therefore sought to have his said bond canceled, and his interest in the land relieved of Landrum’s claim, and to recover a judgment against the latter for such balance as might be found due to him on a correct settlement of their accounts.
To this action Landrum presented his defense on the merits; objecting in his answer, however, to the jurisdiction of the court — process not having been served on him in Marshall County, but only in Graves County, where he resided.
In March, 1868, the cause was tried, and a judgment rendered canceling said bond on the ground that it was executed without consideration, and when Landrum was indebted to .Farmer in the sum of $827.09, which the court adjudged that he recover against Landrum.
On the 21st day of April, 1868, this suit was brought by Landrum, seeking to enjoin an execution which had been issued on said judgment and levied on his property, and to vacate the levy on the ground that the judgment was void for want of jurisdiction in the Marshall Circuit Court, and for a new trial on the further grounds that the plaintiff was unavoidably deprived of the service of his principal counsel *49 at the trial by sickness, and the judgment was rendered against him in violation of an agreement to continue the cause in consequence of the sickness of his said counsel, whereby he was prevented from defending the action.
The material averments of the petition were controverted, and the court proceeded to try the case, under section 581 of the Civil Code, as an ordinary action, and upon the pleadings and evidence which was heard dismissed the petition; and this appeal is from that judgment. 1
Although if the original judgment was void it might have been reversed on an appeal to this court, yet in that contingency the circuit court had power to adjudge it void for the purpose of enjoining and vacating proceedings under it. (Carpenter & Grigsby v. Strother’s heirs, 16 Ben. Monroe, 289; Jones & Kelly v. Commonwealth, 2 Duvall, 81.)
Independently therefore of the causes for a new trial enumerated in the Code of Practice, the first inquiry on this appeal is as to the jurisdiction of the court to render the first judgment.
Whether or not the relief sought by the appellee, of setting-aside his executory sale of his interest in the land, gave the Marshall Circuit Court jurisdiction of the action under section 93 of the Civil Code, as it appears that he had both the legal title to the undivided half of the land and the possession, we are of the opinion that that court had jurisdiction of his suit under the act of March 9, 1854 (2 R. S. 102), so far at least as he sought a release or avoidance of the appellant’s claim to his interest in the land embraced by said bond. In the controversy thus localized the overhauling and correction of the settlement of the tobacco transactions, on which the validity of the appellant’s claim as a purchaser depended, were necessarily and unavoidably involved; and the court, having rightfully acquired jurisdiction of the subject for one purpose, was authorized to entertain it, and grant relief as to the whole matters thus put in litigation.
*50 As to the only remaining question in the case, we concur in the conclusion of the circuit court that no sufficient ground was established for a new trial.
The alleged agreement to continue the cause was not proved; and although one of appellant’s counsel was prevented from attending the court by sickness, there was a manifest lack of diligence on the part of the appellant himself in not attending the court or providing other counsel. It does not appear that he was prevented from defending the action by any unavoidable casualty or misfortune; nor does the evidence sufficiently show the existence of any other cause for granting a new trial.
Wherefore the judgment is affirmed.