## Noe v. Davis, et al.

(Decided October 13, 1916.)

### Appeal from Christian Circuit Court.

1. New Trial—What Petition for Should State.—In a petition for a new trial under section 518 of the civil code, it is necessary to set out the issues and proceedings in the suit in which the judgment sought to be vacated was rendered, and regularly to make the record in that suit a part of the petition, so that the court may be able to determine whether the facts plead in the petition for a new trial constitute a valid defense to the recovery of the judgment sought to be vacated.

2. New Trial—Facts Which Petition For Must State.—The petition for a new trial under section 518, subsection 7, of the civil code, must state facts, which show that the plaintiff was prevented from appearing or defending the suit by some unavoidable casualty or misfortune, which ordinary prudence could not guard against.

JOHN FELAND for appellant.

ALVAN H. CLARK, LINTON & CLARK and DALLAM, FARMSLEY & MEANS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

This is an appeal from a judgment of the Christian circuit court, which sustained a general demurrer to the petition as amended of the appellant, and he declining to plead further, the petition as amended was dismissed.

The appellee, Brinton B. Davis, had theretofore recovered a personal judgment in the same court against the appellant and the Hopkinsville Apartment Company for the sum of seven hundred and fifty dollars, and obtained an execution of *fieri facias* upon the judgment and placed same in the hands of the appellee, Jewell Smith, the sheriff of the county of Christian, for collection. The appellant then filed his action in the same court, by which he sought to have the judgment against him vacated and set aside and a new trial granted to him. Thereafter he filed an amendment to his petition, and the appellees demurred generally to the petition and the petition as amended, with the result as stated above. The question for decision is: Does the petition as amended contain a statement of facts, which are sufficient to constitute a cause of action for the relief sought? The averments of the petition and its amendment are too lengthy to be set out in an opinion, and we will content ourselves with a statement of the substance of the material allegations. It appears from the petition as amended, that on the 26th day of May, 1914, the appellee filed the action in which the judgment was recovered, which is herein sought to be vacated, against the Hopkinsville Apartment Company, Frank M. Fisher, H. T. O'Kane and appellant; that a summons was issued upon the petition in the action in the regular way and was thereafter, on the 28th day of May, 1914, executed upon appellant, by the sheriff of the county, by delivering to him a copy of the summons. The regular terms of the Christian circuit court begin on the first Monday in June, and on the fourth Monday of February, and on the fourth Monday of September. The day upon which appelant was called upon to plead to the action was the first Monday of July, after the service of the summons upon him, and the action was an appearance to the regular September term. The appellant did not, at any time, appear, plead to the action or defend it in any way, and on the 6th day of November, 1914, which was the thirty-sixth day of the September term, a judgment was rendered in favor of the appellee, Davis, by default, against appellant and the Hopkinsville Apartment Company. The appellant did not make any effort at that term to obtain a new trial or to have the judgment vacated or set aside, and gave the matter no attention whatever. The Christian circuit court thereafter adjourned for the term. There is no contention

that the judgment sought to be vacated was not regularly entered. Hence, after the adjournment of the court at which it was rendered, it became final and could not be vacated, set aside or modified, except upon a petition filed for that purpose, as provided in sections 344, 519 and 520, of the Civil Code. If the ground upon which the judgment is sought to be set aside, and the application is made after the term at which the judgment is rendered, be unavoidable casualty or misfortune, which prevented the party from appearing or defending the action, the proceeding to vacate the judgment must be "by petition, verified by affidavit, setting forth the judgment, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant." Section 520; section 518, subsection 7, Civil Code. A petition in an action instituted by virtue of this section, to be sufficient in law, must state: (1) The judgment sought to be vacated, and the proceedings in the action in which the judgment was rendered must be fully set out, or the record made a part of the petition. It has been held in a number of cases, that regularly the record in the action in which the judgment sought to be set aside was rendered, should be made a part of the petition for a new trial. An action for a new trial, in pursuance to sections 518, 519 and 520, of the Civil Code, is a new and independent action, and nothing is brought by it to the attention of the court except what is contained in the pleadings. Section 521 provides that the judgment shall not be set aside until it is adjudged that the plaintiff has a valid defense to the action in which the judgment was rendered. It is apparent that it would be idle to set aside a judgment and grant a new trial upon the application of a defendant, unless he had a valid defense to the action in which the judgment was rendered. Hence, it is necessary to set out in the petition for a new trial all the proceedings and the issues, that the court may be able to tell whether the proposed defense plead in the petition will constitute a valid defense to the matters plead in the action in which the judgment sought to be vacated was recovered. Louisville Tobacco Warehouse Co. v. Wood & Bumgardner, 26 R. 769; Rice v. Wyatt, 25 R. 1060; Weir v. Weir, 19 R. 2005; Overstreet v. Brown, 23 R. 317; Johnson v. Carter, 23 R. 596; Flint v. I. C. R. R. Co., 97 S. W. 736.

The appellant does not refer to nor make the record, in the suit in which the judgment he seeks to vacate was rendered, a part of his petition nor amended petition. He only sets out in his petition and amended petition certain of the things alleged in the petition in the suit in which the judgment was rendered, and discloses the fact that an exhibit was filed in that action, which he does not disclose the nature of. He does not allege in his petition that he has stated or set out in it all the grounds for recovery, which were stated and relied upon in the petition in the action in which the judgment he seeks to vacate was rendered. Hence, the court cannot know whether or not the facts plead in his petition, as the defense which he would make to the action, if permitted, constitute a valid defense to the suit of appellee against him.

(2) In the petition of a defendant for a new trial, after setting out the cause of action against him fully, so that the court can determine when a valid defense to it is stated, the petition must then set out facts, which will constitute a valid defense to the cause of action for which the judgment complained of was rendered. It is apparent, that when a default judgment is sought to be vacated, if the petition for a new trial does not disclose all the grounds upon which the cause of action rests and upon which the judgment complained of was rendered, the court will be unable to adjudge whether the defense plead is a valid one.

(3) In addition to setting out substantially the averments of the petition upon which the default judgment was rendered, or making the petition and proceedings a part of the petition for a new trial, and a valid defense, to constitute a cause of action for a new trial, under section 518, subsection 7, of the Civil Code, the petition must state facts, which show that the plaintiff was prevented from appearing in obedience to the summons, or from defending the action by some unavoidable casualty or misfortune, which ordinary prudence could not have guarded against. It is fundamental that a litigant is entitled to his day in court, but he is entitled to only one day. A defendant is required to be served with a summons. The purpose of the summons is to warn him that an action has been filed against him, and that the plaintiff in that action is seeking a judgment of some character or other against him, and it then becomes his duty to ascertain the nature of the suit and the character of relief

sought against him, and to go diligently about preparing his defense, if any he has. The court, in Overstreet v. Brown, 62 S. W. 885, said:

"If he waits until a final judgment has been rendered without exercising that diligence which the law requires of him, and without any fault of the plaintiff in the action, he is without remedy."

In the instant case, the appellant does not plead that he was prevented from making a defense to the action, in which the judgment, sought to be vacated, was rendered, by any fraud or misdoing of the appellee, who recovered the judgment. He does not claim that any accident or surprise, which ordinary prudence could not have guarded against, prevented him from appearing or defending the action. He alleges that he was prevented from defending the action by an unavoidable casualty. He admits that he was served with a summons. He did not examine the record to find out what he was sued for, nor did he have any one else to do it for him. The casualty which he pleads and relies upon, was that he knew that he did not personally owe the appellee anything; that he was informed, by whom he does not say, that the suit was an effort on the part of appellee to fix liability upon the various persons who had agreed among themselves to make an effort to organize the Hopkinsville Apartment Company, and although he was one of them, he took no steps to defend the suit or to learn what it sought; he wrote a letter to Frank M. Fisher and notified him of the suit against the Hopkinsville Apartment Company; that afterwards Fisher came to Hopkinsville to see him and assured him that there was no liability attached to anybody on account of the claim set up by appellee, but that he would look after it and see that a defense was made in behalf of the Company, when the case was called; that he was in no way personally liable to appellee; he accepted and relied upon the assurances and representations made to him by Fisher; he failed to answer the petition and dismissed it from his mind, believing that whatever defense was necessary would be made by Fisher or some of the others, who were active in their efforts to create the corporation; that he was informed that appellee did not seek a judgment against him, personally. No reason is given for Fisher's failure to defend, or have defended, the suit. Fisher's promise was to defend the cause for the corporation and not for

appellant, but if he had promised to defend it for appellant, it would not avail him anything, because Fisher would then have been appellant's agent, and his negligence is the negligence of appellant. Peyton v. McQuown, 97 Ky. 757; Patterson v. Matthews, 3 Bibb 80; High on Injunctions, section 210; Smith v. Morrison, 3 A. K. M. 81. The defendant could not have been much more negligent than his petition shows him to have been or to have given his case less attention. The judgment was not rendered for over five months after he was served with a summons. It is not enough that appellant should account for his absence at the trial, but he must show some diligence in defending the suit against him. Whether Fisher was a lawyer does not appear. A party who is sued cannot rely upon mere rumor as to the character of a suit against him, and fail to give it any attention, and then after final judgment, for the first time undertake to make a defense. If such grounds could be made available for a new trial it would be impossible to ever know when a litigation had ended. The courts have uniformly held, that a new trial will not be granted to a party, whose only claim for one is that the judgment went against him because of his own neglect, or that of his agent. The casualty or misfortune, which will entitle a party to a new trial, is such a casualty or misfortune that ordinary care could not guard against, and which prevented the party from appearing or making a defense. Bone v. Blankenbaker, 71 S. W. 638; Kirk v. Gover, 96 S. W. 824; Mussin v. Collins, 1 A. K. M. 350; Holburn v. Neal, 4 Dana, 120; Landrum v. Farmer, 7 Bush 46; Valz v. Tutt, 13 R. 877; Prater v. Campbell, 110 Ky. 23; L. & N. R. R. Co. v. Bickel, 97 Ky. 222; White v. Richards, 20 R. 1369; Snelling v. Lewis, 25 R. 1856; 78 S. W. 1124; French v. Eversole, 17 R. 617; Cooley v. Barbourville Land Co., 19 R. 1454. In the instant case, it is apparent that with the exercise of the slightest degree of care and diligence upon the part of appellant, that he would have known all about the suit against him, and could have interposed any defense which he desired. The appellant cannot be relieved from the consequences of his own neglect, when the appellee was without fault. The averments of his petition do not show any casualty that prevented appellant from, in any way, appearing and defending the suit against him.

The judgment is therefore affirmed.