## Elkhorn Coal Corporation v. Cuzzort, et al.

(Decided June 18, 1926.)

### Appeal from Letcher Circuit Court.

1. Judgment—Coal Company Held Not Entitled to have Default Judgment Set Aside as Obtained by Fraud Because Plaintiff Admitted to its Agent that it Owed Him Nothing, where he did Not Promise to Discontinue Action (Civil Code of Practice, Section 518, Subd. 4).—Coal company held not entitled to have default judgment vacated on ground that it was obtained by fraud and misrepresentation, within Civil Code of Practice, section 518, subd. 4, because adverse party admitted to company's agent that it owed him nothing, where he did not promise to discontinue prosecution of action.

2. Judgment—Coal Company Held Not to have Default Judgment Set Aside Because its Attorney was Sick, where it was Not Alleged that Such Illness was Unknown to Client or that Client could Not have been Notified (Civil Code of Practice, Section 518, Subd. 7).—Coal company held not entitled to have default judgment vacated under Civil Code of Practice, section 518, subd. 7, for unavoidable casualty and misfortune, in that its attorney was sick and could not attend trial, where it did not allege that such illness continued from time of employment till trial, or that it was unknown to client, or that client could not have been notified.

3. Judgment.—In seeking to have judgment set aside on ground of unavoidable casualty or misfortune under Civil Code of Practice, section 518, subd. 7, one against whom judgment was rendered must allege and prove diligence.

4. Judgment—Coal Company Held Not Entitled to have Default Judgment Set Aside for Newly Discovered Evidence Obtained from its Agent where it Did Not Show that it Exercised any Diligence to Obtain Information Sooner.—Coal company held not entitled to have default judgment set aside on ground of newly discovered evidence obtained from its agent as to terms of contract of employment which was sued on, where it did not show that it exercised any diligence to obtain information sooner.

5. Pleading.—In petition to set aside default judgment statement that discovery of certain evidence was not made until after term of court at which judgment was rendered held mere conclusion:

6. Judgment.—Action to set aside judgment and for new trial brings nothing to attention of court, except what is pleaded.

7. Appeal and Error—New Trial.—Application for new trial is addressed to discretion of judge of circuit court, which will not be interfered with, unless abused.

E. W. PENDLETON for appellant.

FRENCH HAWK for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

In an action at law instituted July 17, 1923, by G. F. Cuzzort against the Elkhorn Coal Corporation in the Letcher circuit court, the former, September 9, 1924, recovered of the latter a judgment for $500.00 by way of damages, alleged in the petition to have been sustained by him because of its violation of a contract between them, previously made, whereby it had employed him to labor in its Letcher county coal mine for one year from the date of the contract in mining or digging the coal therefrom, for which work, as further alleged, it agreed to pay him at the rate of 66 cents per ton for all coal mined by his labor.

The petition also substantially alleged that though Cuzzort by direction of the Elkhorn Coal Corporation immediately began and, at intervals, for a brief time thereafter, was permitted by the latter to work in its coal mine, it a few weeks later wrongfully refused him further employment therein and dismissed him from its service, which act constituted the breach of the contract complained of in the petition, and, as finally alleged therein, deprived Cuzzort of work which by reasonable effort he was unable to procure elsewhere, and likewise of the wages which, as claimed, would have amounted to $10.00 per day, that he would or might have earned, had he been permitted to continue work under the contract the full year for which, by its terms, he was employed.

Although the Elkhorn Coal Corporation was duly served, through its proper agent, with a summons issued in the action on the filing of the petition, neither before nor at the time of the calling of the case for trial in the Letcher circuit court, did it by counsel or agent appear in that court or make or offer any defense to the action. Hence, by an order then entered of record by the court, the allegations of the petition, except as to the amount

of damages therein claimed, were taken as confessed and the assessment of the damages left to the decision of a jury, by whose verdict, based on evidence introduced on that question alone, the amount thereof was fixed at $500.00, which was $300.00 less than that claimed in the petition. By the judgment entered upon this verdict G. F. Cuzzort recoverel of the Elkhorn Coal Corporation the amount thereby awarded him, with interest from the date of the judgment and his costs expended in the action.

In due course an execution was properly issued on this judgment directed to James Combs, sheriff of Letcher county, for collection, which, when received by that officer, was levied by him upon a mine store and its contents owned by the Elkhorn Coal Corporation, defendant in the judgment and execution. Thereupon the latter brought in the Letcher circuit court this action, styled a petition in equity, against G. F. Cuzzort and James Combs, sheriff, seeking a new trial in the action previously brought against it by the former, and, as a means to that end, the vacation of the judgment rendered therein, also the quashal of the execution issued thereon and levy made thereunder. For the purpose of preventing further action by the sheriff under the execution until a decision of the case could be obtained of the court, the Elkhorn Coal Corporation, at the time of its institution of the action, obtained a temporary injunction, restraining that officer, until otherwise ordered by the court, from subjecting to sale in satisfaction of the execution the property on which it was levied.

The action was brought under section 518, subsections 1-4 and 7, Civil Code, which embrace the grounds for a new trial contained in subsections 2-3-6 and 7, section 340 of the Code. The record of the entire proceedings in the first action, except the evidence upon which the jury fixed the damages awarded the plaintiff, was filed with and made a part of the petition. At the appearance term of the Letcher circuit court Cuzzort and Combs each filed a general demurrer to the petition, both of which the court sustained, and. this ruling being followed by the refusal of the Elkhorn Coal Corporation to further plead, the court dismissed the petition, and from the judgment manifesting these several rulings the Elkhorn Coal Corporation has appealed.

The petition for a new trial, after briefly reciting the nature of the previous action and steps taken therein re-

sulting in the judgment sought to be vacated, and stating the defense the Elkhorn Coal Corporation claimed to have to the action and, if granted a new trial, would yet make thereto, set forth the following grounds for the new trial prayed therein: (1) That the judgment rendered against it in the former action was obtained by fraud and misrepresentation on the part of C. F. Cuzzort, the plaintiff therein. (2) Unavoidable casualty and misfortune, called in the brief of its counsel accident and surprise, by which the appellant was prevented either in its corporate capacity, or by counsel or agent, from being present at the trial of the action and making its defense thereto. (3) Newly discovered evidence. (4) That the verdict was contrary to law.

The alleged fraud and misrepresentation on the part of the appellee Cuzzort, relied on in the ground first urged by the appellant for a new trial, are thus alleged in paragraph 1 of the petition:

"That long since the accrual of his alleged cause of action he (Cuzzort) admitted to the agent of the plaintiff (Elkhorn Coal Corporation) that plaintiff owed him nothing, and that, upon the contrary, he was indebted to the plaintiff; and stated since the institution of the action that he intended paying same as soon as he was financially able. For which reason the defendant wrongfully prevented plaintiff from preparing said case of G. F. Cuzzort v. Elkhorn Coal Corporation for trial and from being present at the trial thereof. Plaintiff states that, except as to the fact that said Cuzzort admitted he was indebted to plaintiff and that he intended to pay same, none of these facts (that is, the new evidence relied upon in the petition) were known to the plaintiff at the August term of this court at the time said judgment was rendered."

Manifestly, there is nothing in the foregoing averments of the petition that constitute fraud or misrepresentation on the part of the appellee, Cuzzort, by which the appellant was or could have been misled or induced to believe that the action he had brought against it, then pending in the Letcher circuit court, would be dismissed or not tried at the succeeding term of that court, or that preparation on its part for trial at that term was not required. It is not charged in the petition that the admission of indebtedness to the appellant and statement

as to its future payment, therein alleged to have been made by the appellee to its agent, was coupled with or attended by an assurance or promise on his part to. discontinue the prosecution of or dismiss his. action against the appellant. It will be observed too that the petition fails to state the time or place of the appellee's making the alleged admission of such indebtedness, or to disclose the name of the appellant's agent to whom it was made or the latter's position. or authority as such agent.

Whether the alleged agent to whom it is claimed the appellee made the admission of indebtedness to the appellant referred to, was one having authority from the latter to ascertain the nature of his claim against it by way of preparing its defense to the action brought thereon, or only a miner of coal in its employ without such authority, cannot be learned from anything stated in the petition. But the admission, if made as claimed, could not and did not excuse the failure of the appellant to be present by agent or attorney at the calling of the case for trial or entitle it to a continuance, in the absence of a showing that such failure was caused by a promise or agreement on the part of the appellee that the case would not then be tried or would be dismissed, and the appellant's reliance thereon. There was no such showing made or attempted by or for the appellant when or before the action of the appellee against it was called for trial. And, although its petition for the new trial concedes the appellant's knowledge at that time of the admission of indebtedness to it therein attributed to the appellee, as previously stated, it nowhere alleges that he at the time of making such alleged admission, or at any other time, promised or agreed to postpone the trial of or dismiss his action against the appellant.

In our opinion the vague and indefinite averments of the petition upon which the appellant rests the first of its several grounds for a new trial, wholly fail to sustain the complaint therein made that it was by fraud or misrepresentation of the appellee prevented from preparing its defense to or being present at the trial of the action brought against it by the latter in the Letcher circuit court.

We are also of the opinion that the contention raised by the appellant's second ground for a new trial is unsustained by the record. The unavoidable casualty and misfortune constituting that ground and by which it is claimed the latter and the attorney employed to make

his defense therein were prevented from preparing for and being present at the trial of the action in which the judgment complained of was rendered, resulted, as alleged in the petition, from the illness of the attorney who, though residing in a county other than Letcher, by his acceptance of employment at the hands of the appellant not only undertook, as further substantially alleged, to make its defense in the cause and such preparation therefor as might be required for the trial thereof, but also to notify the appellant of the time of trial and be then present to represent it.

While by way of conclusion it is alleged in the petition that the attorney was prevented by illness from performing any of the duties referred to undertaken by him, it is nowhere alleged therein that the attorney's illness or inability to perform them continued through the entire time intervening between the date of his employment and the trial of the case; that such illness or inability were unknown to the appellant, or that either was so serious or continuous as to prevent him from notifying the latter thereof, and in the absence of such a showing we cannot presume that the appellant was relieved of the duty of communicating with the attorney by mail or otherwise, or with the clerk of the Letcher circuit court for the purpose of ascertaining the status of the pending action against it or what disposition, if any, would be made of it if called for trial at the succeeding term of court in its absence or that of the attorney. And if such action had been taken by it the appellant, by reasonable diligence, could or might have employed other counsel to appear for it upon the calling of the case for trial, at least for the purpose of seeking a continuance thereof until another term of the court.

In view of the failure of the appellant's counsel to make the preparation required on its behalf for the trial of the case and his failure to advise, or through another, advise it of his illness or alleged inability to make such preparation, and that of the appellant to ascertain the cause of his silence with respect to these matters, we fail to discover any reason for holding that the situation in which the appellant was thereby placed could not have been prevented by the exercise on its part of ordinary care or diligence.

In seeking in this case to have the judgment obtained by the appellee in the action brought against it by the

latter set aside on the ground of unavoidable casualty or misfortune, it was incumbent on the appellant to allege and prove that it had not been guilty of any lack of diligence. And though the casualty or misfortune complained of may, as alleged, have resulted from the illness and consequent inability of its attorney to make the preparation required in its behalf for the trial of the case, or to be present when it was called for trial, these facts, if true, did not excuse the appellant's admitted failure to be present by a corporate representative or agent when the case was called for trial, or its further failure to allege in its petition to vacate the judgment for a new trial, that it had been unable by the use of due diligence to employ other counsel to make its defense to the action.

This conclusion is sustained by a number of cases decided by this court. Landrum v. Farmer, 7 Bush 46; Noe v. Davis, 171 Ky. 482; Overstreet v. Brown, 62 S. W. 685; Prater v. Campbell, 110 Ky. 25.

The third ground urged by the appellant for a new trial will require little discussion. The alleged newly discovered evidence therein relied on consists of the facts which it is claimed would have supported and constituted the defense the appellant had intended to make to the action in which the appellee, G. F. Cuzzort, recovered against it the judgment of $500.00, and the defense it will yet make in that action if the judgment therein should be set aside and a new trial granted it.

The facts constituting the evidence referred to are contained in paragraph 1 of the petition and precede the quotation from that paragraph appearing on page 4 of this opinion, setting forth the appellee's alleged admission of indebtedness to the appellant, information as to which is therein admitted by the latter to have been known to it previous to the rendition of the judgment herein sought to be set aside. And as we can find no better way of presenting the alleged newly discovered evidence than by inserting it in the opinion, it is quoted in full:

"The plaintiff, Elkhorn Coal Corporation, has since the said August term of this court (at which the judgment complained of was rendered) discovered that the said plaintiff did not enter into such contract with the defendant (damages for the violation of which were awarded by the judgment) by any of its agents, but that its agent at Wayland,

Kentucky, did permit him to move upon its property there, with the understanding that at such times as it, said Elkhorn Coal Corporation, should need his services they might demand his labor. That the defendant, Cuzzort, stayed there only long enough and only for the purpose of becoming indebted to the plaintiff, which he did, in large sums, and then fraudulently attempted to avoid payment of same by moving away from Wayland. That the said Cuzzort made no effort to secure work or employment from this plaintiff nor from others, during the time he alleges in his petition he attempted so to do. . . . "

It will at once be seen that the indefinite statement in the above quotation that appellant's discovery of the evidence therein mentioned was not made until after the term of court at which the judgment in question was rendered, is but a mere conclusion of the pleader. If, as admitted in another paragraph of the petition, the appellant had after the institution of the action against it and before the term of court at which the judgment was rendered, employed an attorney to make its defense in the case, it is improbable of belief that it would have taken so important a step without previously ascertaining from its agent with whom the contract sued on by the appellee was made, the terms of the contract and facts connected therewith upon which to base its defense, or that it would not have required its attorney to do so. If on the other hand the agent referred to withheld these facts from or negligently failed to communicate them to the appellant, his negligence in that particular may properly be imputed to the latter.

It will further be observed that the quotation *supra*, contains no explanation whatever of the appellant's failure to earlier obtain the information referred to. Nor is it therein alleged that it used any effort or exercised any diligence to do so. In brief, there is an entire absence of any showing of diligence on the part of the appellant, or that it might not by the exercise of ordinary diligence have discovered in time for the trial this evidence alleged to be so important to its defense. In view of what has been said it will be needless to discuss what effect this evidence would have on another trial of the case. Obviously, an action to set aside a judgment and for a new trial brings nothing to the attention of the

court except what is pleaded. Mason v. Mason, 5 Bush 187; Fleet v. Hollenkemp, 13 B. Monroe 220; Price v. Thompson, 84 Ky. 219; Weeks v. McDowell Construction Co. & L. & N. R. Co., 153 Ky. 691.

The fourth and last ground upon which the new trial is sought is equally without merit. The complaint made therein that the verdict was contrary to law is unsupported by anything appearing in the record; and as there is no criticism or complaint in the brief of counsel of the instructions of the court, which we find correctly defined the measure of damages, the amount of which was the only question required to be submitted to the jury, we are unable to understand from the brief of counsel in what respect the verdict or judgment is claimed to be contrary to law. It is a well recognized rule that an application for a new trial, whether made by motion or petition, is addressed to the discretion of the judge of the circuit court, and his discretion will not be interfered with or controlled unless abused. Reed v. Craig, 204 Ky. 151; Isgrig v. Jacoby, 199 Ky. 744.

For the reasons indicated in the opinion the judgment of the lower court is affirmed.