## McCommas v. McCawley.

(Decided March 5, 1929.)

HIRAM H. OWENS for appellant.

M. A. GRAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Affirming.

T. J. McCommas sued W. H. McCawley under the provisions of section 518, Civil Code, to vacate a judgment in the suit of W. H. McCawley against T. J. McCommas in the Knox circuit court, the only ground relied upon being unavoidable casualty and misfortune preventing him from offering any defense. Judgment was rendered in favor of McCawley, denying the relief and dismissing the petition. McCommas appeals. Further reference to the parties will be as appellant and appellee, respectively.

In the petition in this case appellant charges that McCawley instituted an action against him in July, 1922, on an alleged debt of $800, and attached certain property; that he was not summoned in the action, but, upon learning of the attachment, consulted with Oscar Black, an attorney at Corbin, Ky., who agreed to procure the services of R. L. Pope as attorney to defend the action—his purpose being to employ Pope, not Black. Black did not communicate with Pope, and without his knowledge filed an answer in the case and agreed with plaintiff's at-

torney to transfer the case to the equity docket. No steps were taken in that case until August, 1924, at which time McCawley's deposition was taken in the absence of appellant. This deposition was not filed and no steps taken thereafter until August, 1925, when a general order was made by Judge Tye in the Knox circuit court dismissing a number of cases from the docket, including that of McCawley against him. Subsequently, without his knowledge, that case was redocketed, and on September 3, 1926, four years after the suit was filed and two years after McCawley's deposition was taken that deposition was filed. The case was then submitted and judgment rendered in McCawley's favor. He had been informed by Black that the case was dismissed, and had given it no further consideration, and all of these steps were taken without his knowledge or consent. He further denied that he was indebted to McCawley in any sum, but alleged that the $800 for which McCawley sued had been advanced as McCawley's interest in a partnership venture. Both he and McCawley were traveling men. Prior to July, 1922, he conducted the Corbin Coal & Transfer Company, and on that date sold McCawley a one-half interest therein, and each advanced $200 additional as capital to conduct the business. The firm desired a lot near the railroad upon which to conduct its business, and with McCawley's consent he purchased such lot and McCawley paid $300 thereon, but refused to do anything further in the business, which proved to be a losing venture, and he asked that it be settled and the rights of the parties adjusted. This petition was controverted by answer. Appellant testifies that he consulted with Black with reference to his retaining Pope as his attorney, but the evidence indicates that he agreed for Black to represent him in the matter and that Black did so. He and Black both testify that Black informed him that Judge Tye had stricken this case from the docket, and Black testifies that Mr. Gray, the attorney for McCawley, so informed him—a matter that Mr. Gray denies. Black testifies that he thought this was done, but it does not appear that he ever examined the record, and no one testifies that it was in fact stricken, though it appears that Judge Tye did strike cases from the docket in large numbers. It does appear that no proof was taken in the case until two years after the suit was filed, when McCawley's deposition was taken and in answer to a question by appellee's attorney. Black testifies that he cross-examined McCawley, and at

the conclusion of the taking of the deposition of Mr. Mc-Cawley: "You, (appellee's counsel) announced that you would not take any more until I could get in touch with Mr. McCommas, and after I took Mr. McCommas' side you would probably want to take some more proof, but you never closed your side of the case."

Other evidence indicates that appellant had a meritorious defense to McCawley's action.

Considering these facts in their strongest light: McCawley's attorney appears to have been more skillful than the attorney for McCommas, and perhaps took advantage of the latter's weakness. A delay of two years after suit was brought before taking any proof for plaintiff, and a further delay of two years before filing the deposition then taken, does not indicate a desire for speedy action. It cannot be doubted that Judge Tye's action in the meantime had caused some confusion, and it would seem that a sense of fairness would call for notice to the adverse party before moving for a submission of the case, and the failure of counsel to do this cannot be commended. But appellant does not rely on fraud practiced by the successful party in obtaining the judgment, and this evidence cannot sustain the ground actually relied on. True, appellant suffered a misfortune, perhaps a casualty. However, it was not unavoidable, as Black knew the pleadings were made up and the plaintiff had taken proof. He must have known that plaintiff could ask for a submission at any time, and yet upon the strength of a mere surmise that Judge Tye had stricken the case from the docket, and without even examining the record to ascertain the facts, he ceased to give the case any further attention. Such neglect as this upon the part of either client or attorney does not constitute unavoidable casualty within the meaning of the statute, the principle being thus stated in Commonwealth v. Fidelity & Columbia Trust Co., 185 Ky. 300, 215 S. W. 42:

"The unavoidable casualty or misfortune that would authorize the granting of a new trial means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing or having done something that except for the casualty or misfortune would have been done, and it does not include mistakes or errors of judgment growing out of a misconstruction or misunderstanding of the law, whether it be found in the form of statutes or court opinions, or embrace

the failure of parties or counsel through mistake to avail themselves of remedies which if resorted to would have prevented the casualty or misfortune asserted.''

See, also, Dow v. Pearce, 217 Ky. 202, 289 S. W. 245; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; and cases there cited. It follows that the court did not err in refusing to vacate the former judgment.

Wherefore, perceiving no error, the judgment is affirmed.