## Carter et al. v. Miller.

(Decided May 29, 1936.)

HEAVRIN & MARTIN for appellants.
SANDRIDGE & SANDRIDGE for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

On August 1, 1932, appellee filed a petition in equity, naming appellant Carter and the commissioner of the Ohio circuit court parties defendant, alleging that on April 1, 1932, Carter had brought suit against him seeking judgment in the amount of $1,150, with interest, asking that a lien be declared on certain properties, seeking to cancel a lease, and to enjoin Miller from removing buildings and equipment located on the property.

Appellee lived in Muhlenberg county at the time of the bringing of the suit and process was served on him April 2, and return was duly made by the serving officer. On June 6, 1932, which was the third day of the succeeding regular term of the Ohio court, no pleadings having been filed by or on behalf of Miller, the allegations of the petition were taken as confessed and the court rendered judgment in favor of Carter for the sum of $1,150, granting the further relief sought in the petition, including an order that the master commissioner expose the property for sale to satisfy Carter's lien debt. The Commissioner on August 1, 1932, advertised the sale, and on that day Miller filed the suit now under consideration, his proceeding as is claimed, being authorized by section 518, subsec. 7, of the Civil Code.

In his pleading Miller sets out the facts above

stated, and also alleges that the judgment in the suit of Carter v. Miller has never been appealed from, vacated, nor set aside.

The section and subsection of the Code, supra, provides:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it— * * * 7. For unavoidable casualty or misfortune, preventing the from appearing or defending."

Appellee says that there was casualty and misfortune arising in the following manner: On January 25, 1932, the Valley View Farm Company sued Miller in the Ohio circuit court, claiming trespass on its property. This suit hereafter will be referred to as No. 7580 and Carter's suit against Miller will be designated as No. 7607. No. 7580 was an appearance to the April term of the Ohio court beginning April 4, 1932. Miller had previously employed an attorney at Greenville to represent him in No. 7580, and upon service of process in No. 7607 he conferred with his attorney and engaged him to represent him in the later suit. It is claimed that the attorney went to Hartford on April 4, to look after the interest of Miller in No. 7580, in which a pleading was then due, although no pleading was due in No. 7607 until rule day in May following. While there, it is claimed that the Greenville attorney held a conference with the Hartford attorneys who had filed suit No. 7607, and there was an understanding between the attorneys representing Carter and the one representing Miller that Miller's attorney would prepare and file general demurrer in No. 7607, and return to Hartford and present and argue the demurrer as soon as the Hartford counsel should notify Miller's attorney that it was convenient for the court to hear it. It is said that the attorney prepared and mailed demurrer in No. 7580, and also prepared demurrer in No. 7607, but did not mail it. It is claimed that in the interim the Greenville attorney was extremely busy in the trial of other cases in the Muhlenberg court, and that "during part of the time he was ill, and that his files containing the prepared demurrer in No. 7607 were misplaced."

Miller says that his Greenville attorney never re-

ceived any notice from the Hartford attorneys, and that he (the Greenville attorney) was under the impression that he had sent the general demurrer which he had prepared in No. 7607 to Carter's counsel in Hartford for filing.

The above facts are set out in detail in Miller's petition in the instant case, and with which petition he filed special and general demurrers and answer to the petition in No. 7607. On the trial of the case here under consideration, the court below vacated the judgment and Carter was granted and now prosecutes this appeal. On submission to the court no proof was presented by the appellee; his petition is verified, but looking to record we fail to find any statement or affidavit by the attorney who was representing him in both suits in the Ohio circuit court. On the other hand, the attorneys who were representing Carter in separate affidavits unequivocally state that neither of them had any sort of agreement or understanding with Miller's attorney relating to the filing of a demurrer in No. 7607 or argument thereon, or any other pleading in the action in controversy. It also appears that Carter filed verified answer in the instant case.

Looking alone to the petition of Miller herein and accepting the allegations thereof as true in every respect, this court is not impressed with the belief that he has presented such a case as would entitle him to relief under the section of the Code, supra, nor under section 344 which is also invoked. Here the summons was served in April; a pleading was due at rule day in May; the action was an appearance for June, and stood for orders on the 6th of June, the day on which default judgment was rendered, yet the appellee did not show enough interest in the case to confer with his attorney at any time after April 2, the day upon which he was summoned. He did not appear or make any effort to appear in court, but chose to rely upon the "thought" of his attorney that he had the agreement with opposing counsel. The petition does not state such a cause of action as would justify a court to set aside the judgment on the grounds of unavoidable casualty or misfortune. Conceding that there was casualty or misfortune, it is not at all conceivable that such was unavoidable. A slight activity on the part of appellee or his

536

attorney could and would have avoided the result.

"The casualty or misfortune that will authorize the granting of a new trial must be 'unavoidable.' A mere ordinary 'casualty or misfortune' is not sufficient. It must be such casualty or misfortune as could not by the exercise of reasonable skill and diligence have been avoided."

Ray v. Arnett, 106 S. W. 828, 829, 32 Ky. Law Rep. 562; Noe v. Davis, 171 Ky. 482, 188 S. W. 457; Cleveland v. Couch, 231 Ky. 332, 21 S. W. (2d) 468, 469; Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S. W. 1124; McCommas v. McCawley, 228 Ky. 263, 14 S. W. (2d) 1057. The mere employment of counsel is not sufficient to excuse a litigant from giving the case personal attention. 34 C. J. 307, p. 525; Douthitt v. Guardian Life Ins. Co., 235 Ky. 328, 31 S. W. (2d) 377.

In addition, the allegations of the petition were put in issue by denial in answer which threw the burden on the appellee. Elkhorn Coal Corporation v. Cuzzort, 215 Ky. 254, 284 S. W. 1005; Wireman v. Wireman's Adm'r, 87 S. W. 319, 27 Ky. Law Rep. 961; Prater v. Campbell, 110 Ky. 23, 60 S. W. 918, 22 Ky. Law Rep. 1510. Reference also may be made to Byron v. Evans, 263 Ky. 49, 91 S. W. (2d) 548, which deals with the question here presented, and in construing section 518 of the Code cites many prior cases.

We are of the opinion that appellee not only failed to carry the burden which by his pleading he placed on himself, but that his petition does not state a cause sufficient to justify resort to, or to entitle him to the benefits of section 518 (7) of the Code, hence the case must be reversed with directions to set aside the judgment and enter an order dismissing the petition.

Judgment reversed.