## Gorin v. Gorin.

Nov: 4, 1942.

Joseph M. Hayse for appellant.

Wilson K. Beatty and Raymond Bossmeyer for appellee.

Opinion of the Court by Judge Rees—Affirming.

On April 16, 1941, Cleo Gorin brought an action for divorce in the Jefferson circuit court against her husband, Paul T. Gorin. She asked for the custody of her two infant children and for an allowance of $18 a week during the pendency of the action, and for a like sum at the termination thereof as permanent alimony and maintenance. Summons was served on the defendant April 21, 1941. A rule was awarded against him returnable April 24, 1941, requiring him to show cause why he should not pay the plaintiff $18 a week alimony and maintenance for herself and children pendente lite. A hearing was held before the commissioner on April 24, 1941, at which both plaintiff and defendant were present in person and by their respective attorneys. At the conclusion of the hearing the commissioner recommended

that the defendant pay to the plaintiff $12 a week, $8 as temporary alimony and $4 for the maintenance of the two children. No exceptions were filed, and the report of the commissioner was confirmed and the defendant was ordered to pay to the plaintiff the sum of $12 a week as temporary alimony and maintenance. Depositions for the plaintiff were taken on interrogatories on September 19, 1941, and were filed in the clerk's office on October 22, 1941. On October 24, 1941, the commissioner recommended that the plaintiff be granted an absolute divorce, awarded the custody of the children, and allowed $12 a week as permanent alimony and for maintenance of the children. On October 27, 1941, the action was submitted for judgment, and on November 3, 1941, Cleo Gorin was granted an absolute divorce from the bonds of matrimony with Paul T. Gorin, and was awarded the custody of their two infant children. The children are twins and are now five years of age. She was awarded $8 a week as alimony and $4 a week for the maintenance and support of the two children. On February 3, 1942, she moved for a rule against Paul T. Gorin requiring him to show cause why judgment should not be entered against him in the sum of $192. In an affidavit filed with the motion she stated that on April 25, 1941, the defendant was ordered to pay to her the sum of $12 a week for the support of herself and the two infant children, and that he was in arrears in the sum of $192. A rule was awarded against the defendant returnable February 11, 1942, when he filed a response to the rule setting forth various payments. After a hearing the commissioner made his report recommending that judgment be entered against the defendant in the sum of $132, the amount of the payments in arrears up to February 7, 1942. No exceptions were filed, and the report was approved on February 13, 1942. On February 9, 1942, Paul T. Gorin instituted an action under Section 518 of the Civil Code of Practice to vacate the judgment of November 3, 1941, because of fraud practiced by the plaintiff in the divorce proceeding in obtaining the judgment. A demurrer to the petition to vacate the judgment was sustained, an amended petition was filed to which a demurrer was likewise sustained, and, the petition as amended having been dismissed, this appeal followed.

In the petition to vacate the judgment of divorce, it was alleged that the allegations in the petition in the divorce case and the proof to the effect that the plaintiff

in that case was a resident of Jefferson county, Kentucky, were false and fraudulent and made with the intent to deceive the court and to induce the court to assume jurisdiction whereas it did not have jurisdiction of the case for the reason that neither the plaintiff nor defendant in that action was a resident of Jefferson county, Kentucky, but both were residents of and domiciled in Green county, Kentucky, where Cleo Gorin had filed an action for divorce and alimony in the Green circuit court on November 27, 1937, in which action Paul T. Gorin filed an answer and counterclaim on February 6, 1939, and which was pending in the Green circuit court on April 16, 1941, when Cleo Gorin filed the action for divorce in the Jefferson circuit court. In the amended petition to vacate the judgment of November 3, 1941, appellant alleged that he was prevented from appearing in the case by unavoidable casualty or misfortune in that his then counsel became ill shortly after the hearing on the rule for temporary alimony in April, 1941, and by reason of such illness was unable to present a defense in the case. It was further alleged that the plaintiff did not know until more than sixty days after the judgment was entered against him that his counsel had been ill and had made no defense.

It appears that appellant and appellee were residents of Green county when appellee filed an action for divorce from bed and board in the Green circuit court in November, 1937. The petition was dismissed July 9, 1938, but appellant was ordered to pay $2.50 a week for the maintenance and support of the two children. Although her petition had been dismissed, appellee, on October 15, 1938, filed in the Green circuit court a pleading styled ''Amended Petition'' in which she sought an absolute divorce and custody of the children. On December 2, 1940, an order was entered increasing the allowance for the support of the children to $5 a week. In the meantime a number of rules had been issued requiring appellant to show cause why he should not be punished for contempt for failing to pay the weekly allowances. Before the petition for divorce in the Jefferson circuit court was filed, appellee's attorney prepared and mailed to the clerk of the Green circuit court an order dismissing her petition pending in that court, but it seems the order was never entered. Some time prior to the filing of the petition for divorce in the Jefferson circuit court, appellant had obtained employment in a defense plant

near Louisville and had moved to Louisville to live. He was earning $36 a week.

Appellant's petition to vacate the judgment of divorce granted by the Jefferson circuit court on November 3, 1941, is based on two grounds: fraud practiced by appellee in its obtention, and casualty and misfortune. The fraud alleged to have been practiced by the appellee was the allegation in her petition that she was then a resident of Jefferson county and her testimony to the same effect. If it be conceded that she was not actually a resident of Jefferson county when the action was instituted, fraud was not practiced by her in obtaining the judgment within the meaning of Section 518 of the Civil Code of Practice. Appellant was summoned, and, although he appeared with his attorney at a preliminary hearing on the question of an allowance pendente lite, he never at any time raised the question of jurisdiction by demurrer or pleading. The court had jurisdiction of the subject-matter, and jurisdiction as to the person could be, and was, waived by appellant. Johnson v. Johnson, 12 Bush 485; Tudor v. Tudor, 101 Ky. 530, 41 S. W. 768; Williamson v. Williamson, 183 Ky. 435, 209 S. W. 503, 3 A. L. R. 799. Where a petition shows that the court is without jurisdiction of the parties or that another action is pending in this state between the same parties for the same cause, and the court is therefore without jurisdiction, objection must be made by special demurrer, otherwise the defect is waived. (Civil Code of Practice, Section 92). If the petition does not show that the court is without jurisdiction of the parties or that another action is pending, then want of jurisdiction must be raised by a pleading setting up the facts. Section 118 of the Civil Code provides:

"A party may, by an answer or other proper pleading, make any of the objections mentioned in Section 92, the existence of which is not shown by the pleading of his adversary; and failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of the action."

Appellant's contention that the judgment should be vacated because of unavoidable casualty or misfortune is rested upon the following allegation in his amended petition:

"Defendant and petitioner further states that

he was prevented from appearing and defending his rights in this case by unavoidable casualty or misfortune, in that his then counsel, Judge J. J. Kavanagh, as this defendant is informed and believes and therefore alleges, became ill shortly after the hearing on the rule for temporary alimony, and by reason of such illness was unable to present a proper or any defense in behalf of this defendant, but this defendant did not know that his said counsel was ill or unable to present a defense for him or that he could or had not presented a defense for him until more than sixty days after the judgment herein was entered against him.''

He also alleged that he called his attorney's office over the telephone from time to time after the hearing in April, 1941, and at no time was he informed by his attorney or anyone for him that his attorney was ill or unable to attend to the case. The judgment was rendered more than six months after appellant was summoned and after he and his attorney had appeared at the hearing on the motion for a pendente lite allowance. The petition to vacate the judgment was filed ten months after the divorce proceeding was instituted, and the amended petition, in which for the first time unavoidable casualty and misfortune was relied upon as a ground for vacating the judgment, was filed April 29, 1942, more than a year after appellant had been summoned in the divorce action. In the amended petition it was admitted that the attorney had not informed appellant that he was ill and unable to appear in the case. It was not alleged that the attorney was too ill to notify the client of his condition. In Elkhorn Coal Corp. v. Cuzzort, 215 Ky. 254, 284 S. W. 1005, 1007, the defendant against whom a default judgment had been rendered sought to vacate the judgment under Subsection 7, Section 518, of the Civil Code of Practice. The unavoidable casualty and misfortune relied upon was the illness of the defendant's attorney which prevented him from preparing for and being present at the trial. The court held that the facts alleged in the petition to vacate the judgment did not constitute unavoidable casualty and misfortune within the meaning of Subsection 7, Section 518, Civil Code, and, in the course of its opinion, said:

''While by way of conclusion it is alleged in the petition that the attorney was prevented by illness

from performing any of the duties referred to undertaken by him, it is nowhere alleged therein that the attorney's illness or inability to perform them continued through the entire time intervening between the date of his employment and the trial of the case; that such illness or inability were unknown to the appellant; or that either was so serious or continuous as to prevent him from notifying the latter thereof. And, in the absence of such a showing, we cannot presume that the appellant was relieved of the duty of communicating with the attorney by mail or otherwise, or with the clerk of the Letcher circuit court, for the purpose of ascertaining the status of the pending action against it, or what disposition, if any, would be made of it if called for trial at the succeeding term of court, in its absence or that of the attorney. And, if such action had been taken by it, the appellant, by reasonable diligence, could or might have employed other counsel to appear for it upon the calling of the case for trial, at least, for the purpose of seeking a continuance thereof until another term of the court.

"In view of the failure of the appellant's counsel to make the preparation required on its behalf for the trial of the case, and his failure to advise, or through another advise, it of his illness or alleged inability to make such preparation, and that of the appellant to ascertain the cause of his silence with respect to these matters, we fail to discover any reason for holding that the situation in which the appellant was thereby placed could not have been prevented by the exercise on its part of ordinary care or diligence."

A litigant may not employ an attorney and then wash his hands of all responsibility. The law demands the exercise of due diligence by the client as well as by his attorney in the prosecution or defense of litigation. Carter v. Miller, 264 Ky. 532, 95 S. W. (2d) 29; Douthitt v. Guardian Life Insurance Company, 235 Ky. 328, 31 S. W. (2d) 377; McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747. If either the attorney or his client is negligent and an adverse judgment results, Subsection 7, Section 518, of the Civil Code of Practice may not be invoked to vacate it. Cooper v. Douglas, 256 Ky. 787, 77 S. W. (2d) 49; Johnson v. Gernert Bros.

Lumber Company, 255 Ky. 734, 75 S. W. (2d) 357.

From what has been said, it follows that the circuit court did not err in dismissing the petition as amended.

The judgment is affirmed.