## Saint Paul-Mercury Indemnity Co. v. Robertson et al.
### (two cases)

May 19, 1950.

Rehearing denied June 23, 1950.

Sidney B. Neal, Judge.

240

Davis, Boehl, Viser & Marcus, and Robertson & James for appellant.

John F. Wood and H. Randolph Kramer for appellees.

Judge Rees—Affirming.

Pursuant to KRS 342.340, R. L. Robertson and Ave Lee Robertson, partners doing business as Robertson Lumber Company, insured their liability for compensation under the Kentucky Workmen's Compensation Act in the Saint Paul-Mercury Indemnity Company of St. Paul, Minnesota. On May 17, 1946, an employee of the Robertson Lumber Company sustained an injury by reason of an accident arising out of and in the course of his employment. The accident occurred in Indiana. The employee filed his claim against his employers with the Industrial Board of the State of Indiana, and the insurance carrier, though notified of the nature and pendency of the proceeding, refused to defend the action because, as it claimed, its policy of insurance did not extend coverage to employees injured outside the State of Kentucky. The industrial Board of Indiana awarded the employee compensation in the sum of $3,011.25. On July 17, 1948, the employers brought an action in the Daviess Circuit Court against the insurance carrier to

recover $3,011.25, plus $200 attorneys' fees incurred in defending the action before the Indiana Industrial Board. The Saint Paul-Mercury Indemnity Company, though summoned, failed to appear, and on September 16, 1948, a default judgment for the amount claimed in the petition, with interest thereon from April 7, 1948, was entered. On November 15, 1948, the Saint Paul-Mercury Indemnity Company filed this suit, pursuant to subsection 7 of section 518 of the Civil Code of Practice, to set aside the default judgment on the ground of unavoidable casualty ·or misfortune. A demurrer to the petition was sustained. From the judgment dismissing its petition the Insurance Company has appealed. It has also appealed from the default judgment of September 16, 1948, and the two appeals have been consolidated.

Section 518, subsection 7, of the Civil Code of Practice provides:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it * * *

"7. For unavoidable casualty or misfortune, preventing the party from appearing or defending.

The sole question presented is whether the petition to vacate the judgment stated a cause of action under the Code provision. When the petition of appellees to recover $3,211.25 from their insurance carrier was filed in the Daviess Circuit Court, one summons was issued to Daviess County and one to Franklin County. The latter summons was served upon the Insurance Commissioner at Frankfort, and was sent by him to the home office of the appellant at St. Paul, Minnesota. Appellant then employed a firm of attorneys at Owensboro, Kentucky, to defend the action. The summons issued in Daviess County was served on appellant's local agent, and was sent by him to the Company's state agent in Louisville. The state agent employed a firm of attorneys in Louisville to represent appellant. The reason for the failure of appellant to enter its appearance and defend the action is set forth in the following paragraph of its petition to vacate the judgment:

"Plaintiff states that said judgment was entered against it by default and that it was prevented from

appearing or defending said action because of unavoidable casualty or misfortune; that the plaintiff is a foreign corporation, with its Home Office in St. Paul, Minnesota, and that its office consists of a number of separate independent departments, headed by different persons and that only one of these department handles Workmen's Compensation cases; that a summons in the aforesaid common law action, which was served upon the Division of Insurance at Frankfort, Kentucky, reached a department at the Home Office of Plaintiff, which did not handle Workmen's Compensation cases and said summons gave no indication on its face as to whether said action arose out of a Workmen's Compensation case or not; that said department employed counsel at Owensboro to enter appearance of plaintiff to said action and to ascertain what it was about; that another summons which was served on one O. E. Bryant, an agent in Kentucky, of plaintiff, reached the Kentucky State agent of plaintiff at Louisville, who properly employed a different law firm in Louisville to represent plaintiff; that plaintiff, therefore, had two sets of attorneys representing it in looking after said case; that the counsel at Louisville then learned that other counsel at Owensboro were handling the defense of said case, and consequently they took no steps to defend it, believing that plaintiff was represented by said other counsel at Owensboro; that said counsel at Owensboro meanwhile withdrew from said case but Louisville counsel had no notice of such withdrawal; that the situation which thus arose in the matter of representation of plaintiff by counsel could not have been avoided by the exercise of ordinary care and diligence in the organization of plaintiff and its representatives; that as a consequence thereof and through no fault or lack of diligence on the part of plaintiff, but rather through unavoidable casualty and misfortune, no appearance was entered for plaintiff and no defense made to said action and judgment by default was rendered against the plaintiff as aforesaid."

Counsel for appellant argue that failure to defend the action was due to confusion caused by circumstances and not to negligence or mistake on the part of appellant or its attorneys. They say in their brief: "The appellant's petition does not show neglect or fault, actual or constructive. It shows simply some confused circumstances because of the large organiza-

tion of appellant and the complexity of modern business activities, where it is not uncommon to find situations like this which inadvertently arise through no fault of anyone.''

In their reply brief it is said: ''This whole unfortunate situation came about by reason of the fact that there are separate departments in appellant's Home Office, and each was independently of the other trying to properly handle this case, with the result that unavoidably too many people got independently mixed up in it and no pleading was filed on time, because every one individually was certain in his own mind and in good faith that the other lawyer would file the pleading. That type of confusion does present a true unavoidable casualty and misfortune.''

The confusion relied upon as constituting unavoidable casualty or misfortune was, by appellant's admission, a product of its own organization. Apparently the right hand knew not what the left hand was doing. In Mason v. Lacy, 274 Ky. 21, 117 S.W.2d 1026, it was held that casualty or misfortune that will authorize the vacating of a judgment must be such as could not have been avoided by the exercise of reasonable skill and diligence. In the present case, two firms of attorneys were employed by appellant to defend the action instituted by appellees. In its petition to vacate the judgment appellant alleged that the counsel at Owensboro withdrew from the case, but Louisville counsel had no notice of such withdrawal. When the Owensboro counsel withdrew they must have notified their employer, and it is not alleged that they failed in this respect. If they failed to notify appellant they were guilty of negligence, and if they did give notice of their withdrawal it was appellant's duty to employ other counsel or to notify the Louisville counsel who had been employed by the state agent. Ordinary care on the part of counsel in the one event, or on the part of appellant in the other, would have guarded against the mishap. In Fuson v. Fuson, 280 Ky. 91, 132 S.W.2d 508, 509, the attorney for the defendant withdrew from the case, and the defendant, with knowledge of this fact, failed to procure another attorney until after judgment had been rendered. The defendant brought suit under subsection 7 of section 518 of the Civil Code of Practice to vacate the judgment, and the circuit court rendered a judgment in conformity

with the prayer of the petition. This court reversed the judgment, and held that no unavoidable casualty or misfortune was either alleged or proven which warranted the setting aside of the original judgment. Speaking of the withdrawal of the attorney with no steps taken by the litigant to defend the action, it was said: "This was obviously not an unavoidable casualty or misfortune preventing appellee from appearing in the action but was gross neglect on his part. Neglect, mistake or bad advice of counsel is not an unavoidable casualty warranting the granting of a new trial. McCommas v. McCawley, 228 Ky. 263, 14 S.W.2d 1057; Carter v. Miller, 264 Ky. 532, 95 S.W.2d 29; a fortiori negilgence of a party himself is not an unavoidable casualty warranting a granting of a new trial."

To the same effect are Gorin v. Gorin, 292 Ky. 562, 167 S.W.2d 52, and cases therein cited.

Appellant insists that the court should have overruled the demurrer to its petition and permitted proof to be taken. The demurrer admitted the truth of the facts alleged in the petition, and proof would not have aided appellant's case. We conclude that the facts alleged in the petition do not constitute unavoidable casualty or misfortune within the meaning of subsection 7 of section 518 of the Civil Code of Practice, and that the Circuit Court properly sustained the demurrer and dismissed the petition.

No reason is assigned for reversal of the original judgment, and both judgments are accordingly affirmed.