**MODERN HEATING & SUPPLY CO., Inc., Appellant,**

**v.**

**OHIO BANK BUILDING & EQUIPMENT COMPANY, a Corporation, and Insurance Company of North America, a Corporation, and Peoples Bank of Fleming County, a Corporation, Appellees.**

Court of Appeals of Kentucky.

March 6, 1970.

Philip Hargett, Marysville, for appellant.

Richard Hinton, Flemingsburg, Homer W. Ramsey, Whitley City, for appellee Ohio Bank Building & Equip. Co.

John C. Fogle, Bryan & Fogle, Mt. Sterling, for appellee Insurance Co. of North America.

Lloyd A. MacDonald, MacDonald & Walton, Flemingsburg, for appellee Peoples Bank of Fleming County.

EDWARD P. HILL, Jr., Chief Justice.

On November 9, 1961, Peoples Bank of Fleming County contracted with Louis C. Smeltzer to remodel its bank building in Flemingsburg. Smeltzer, doing business as Ohio Bank Building & Equipment Company, then subcontracted with Modern Heating & Supply Company, Inc., the ap-pellant herein, to do the heating and air conditioning work.

On October 26, 1963, the appellant Modern Heating, filed a suit in Fleming Circuit Court seeking to enforce a me-chanic's lien against the bank building owned and occupied by the defendant-appellee, Peoples Bank of Fleming County. Also named as defendants were Smeltzer, d/b/a Ohio Bank Building & Equipment Company, the general contractor engaged by the bank to improve its building, and the Insurance Company of North America (hereinafter referred to as INA), the surety on Ohio Bank Building & Equip-ment Company's performance bond. Mod-ern Heating alleged that a balance of $7,-603.02 for labor and materials was due it from the subcontract work.

In its answer Ohio Bank Building & Equipment Company denied it owed Mod-ern Heating the $7,603.02 alleged by the plaintiff to be due it. It was admitted that Modern Heating was awarded a subcon-tract. However, upon completion of the subcontract work, Peoples Bank of Flem-ing County notified the defendant general contractor that the heating and air con-ditioning system was not satisfactory and would not work. Modern Heating was notified but failed to correct its work. The defendant-general contractor was therefore required to find another company to correct the difficulty and to comply with the specifications of the contract. Hence, a counter-claim was filed against Modern Heating in the sum of $15,180.

The answer of Peoples Bank of Fleming County contained a cross-complaint against INA and another cross-complaint against Louis C. Smeltzer, d/b/a Ohio Bank Build-ing & Equipment Company, for indemnity if Modern Heating recovered any judg-ment from the defendant bank.

Defendant, INA, admitted in its answer to the complaint of Modern Heating and in reply to the cross-claims of the other two defendants that it was surety for Louis C. Smeltzer, an individual doing

business under the firm name of Ohio Bank Building & Equipment Company. However, INA denied being liable to Modern Heating for any amount and filed a copy of the performance bond in support of its position.

On March 3, 1964, INA moved for judgment on the pleadings on the ground the plaintiff-subcontractor had no standing to maintain an action against INA relating to its performance bond written to indemnify Peoples Bank.

INA contended that no right of action is given anyone on the bond except the obligee, which in this case is the Peoples Bank. The following condition is found in the surety bond: " * * * express condition that no right of action shall accrue upon or by reason hereof, to or for the use of benefit of anyone other than the Obligee."

INA cited Massachusetts Bonding and Ins. Co. v. United States Radiator Corp., 265 Ky. 661, 97 S.W.2d 586, as authority since an almost identical provision was held to preclude a suit on the bond by an unpaid materialman. INA pointed out that there are two types of bonds: (1) a performance bond, and (2) a payment bond. The type bond found in this case is clearly a performance bond, since it attempts only to insure that the contract will be performed. The second type bond is a payment bond, which is intended to secure payment of subcontractors or materialmen. INA cited Standard Accident Ins. Co. of Detroit v. Rose, 314 Ky. 233, 234 S.W.2d 728, as clearly spelling out the distinction between the two types of bonds.

The bond in this case is a performance bond as evidenced by the bond itself. The bank in its answer stated it had made payment in full for the work that was done. Therefore, when performance of the contract was completed the obligation of INA ended.

Due to the failure of the parties to report to the court concerning the outcome of an arbitration attempt, the case was dismissed on April 11, 1964; however, on plaintiff's motion the case was redocketed. Finally, on June 5, 1967, the circuit court dismissed the plaintiff's action for laches and for failure to prosecute.

Appellant now appeals from the order dismissing its action for failure to prosecute. In its brief it called the court's order drastic under CR 41.02. Appellant argues that it tried to proceed with the matter in an orderly fashion. Appellant next attempts to show the defendants as not desiring to try the case by referring to a motion by the attorney for Ohio Bank & Building Company to grant an extension of time since counsel had to appear in another court. Yet appellant does not mention that it asked for five extensions of time.

As noted above, appellant's suit was filed October 26, 1963. The judgment dismissing for want of prosecution was entered June 5, 1967 (over three and one-half years after its filing). During the pendency of this action, plaintiff was granted one extension of time after another. True, the attorney for the plaintiff received serious injuries in an automobile accident which contributed to the delay, but after his recovery plaintiff had ample time to prosecute. The misfortune of plaintiff's attorney, with whom we have great sympathy, did not excuse appellant from the duty to prosecute. See Higgins v. Gose, 144 Ky. 123, 137 S.W. 1038.

In Gorin v. Gorin, 292 Ky. 562, 167 S.W. 2d 52, 55 this court said:

> "A litigant may not employ an attorney and then wash his hands of all responsibility. The law demands the exercise of due diligence by the client as well as by his attorney in the prosecution or defense of litigation."

The trial court was vested with a broad discretion in determining the question of whether the action should be dismissed for want of diligent prosecution. Unless that

discretion is abused this court will not intervene. Here we find no abuse of that discretion.

The judgment is affirmed.

All concur.