## Kentucky-Elkhorn Coal Corporation v. Bingham.

(Decided May 19, 1922.)

### Appeal from Pike Circuit Court.

1. Pleading—Waiver.—The error growing out of a defectively alleged fact is waived unless the proper procedure is taken to correct the defects.

2. Damages—Personal Injuries—Pleading—Evidence—Instructions.—In an action to recover damages for personal injuries no evidence should be admitted when objected to except it relates to the issues made by the pleadings, and where the petition alleged that plaintiff lost only 14 days' time it was improper for him to testify that he lost one year's time or any more than the 14 days; and it was likewise improper for the court in its instructions to authorize a recovery for lost time for any greater period that that alleged in the petition.

3. Damages—Personal Injuries—Evidence.—Before the introduction of evidence of resultant physical consequences and developments

to or upon plaintiff's body is competent, the averments as to the injuries sustained must be broad enough to reasonably include them; and even then the evidence should be rejected, unless it is shown by competent testimony that such developments were the reasonable and proximate result of the injuries sustained. It was, therefore, improper to permit plaintiff to exhibit to the jury swollen places and knots on his legs and other parts of his body in a suit to recover damages for suffocation because of foul and contaminated air in the mine where he was at work, without showing by some competent evidence that the swelling and the knots were the proximate result of the suffocation.

4. Damages—Evidence.—In such a case it was improper to permit another miner to testify that some time after plaintiff's injury he encountered in another part of the mine foul air and was suffocated therefrom.

5. Damages—Permanent Injuries—Pleading—Evidence.—There can be no recovery for permanent injury without an allegation to that effect, and evidence in support of it, and an instruction authorizing it, in the absence of such allegation were each error.

AUXIER, HARMON & FRANCIS for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellee and plaintiff below, W. E. Bingham, filed this action on July 24, 1917, against appellant and defendant below, Kentucky-Elkhorn Coal Corporation, to recover $3,000.00 damages for alleged injuries claimed to have been sustained by him on May 31, 1917, because of suffocation from the effects of contaminated air in the mine where plaintiff was working as a miner. The negligence, and plaintiff's alleged damages, as a proximate result therefrom, were thus stated in the petition: "That defendant carelessly and negligently failed to construct proper breaks through or air courses, and failed to provide said mines with such means of ventilation as required by law, and thereby permitting its said mines to become contaminated with poisonous gases, and other impure and poisonous air and substances in the entry and place of employment of plaintiff, by which plaintiff's lungs and system became infected and contaminated and poisoned; that by reason thereof, plaintiff became very weak and ill and was overcome with said poison substance; that his system was poisoned and injured and he was compelled to discontinue work for about fourteen days, which time was reasonably worth $3.50 per day,

and suffered much physical pain and discomfort.'' It is then alleged that defendant knew of the unsafe and dangerous condition of the mine in which plaintiff was working or could have known it by the exercise of ordinary care and that plaintiff did not know it, and ''that by reason of the facts as above stated he has been damaged in the sum of three thousand dollars.'' ·

The answer denied the averments of the petition in the terms they were made and relied on the two additional defenses of contributory negligence and assumed risk, both of which were denied by reply, and upon trial there was a verdict for plaintiff for the entire sum sued for, which the court declined to set aside on a motion made for that purpose, and rendered judgment thereon, to reverse which this appeal is prosecuted.

There was no demurrer filed to the petition, nor a motion to make it more specific, and at least the defective allegations of fact therein were waived. The petition is good in so far as it seeks a recovery for the loss of fourteen days' time at $3.50 per day, or a total sum of $49.00, and, perhaps, it would authorize a recovery for the physical pain and discomfort which plaintiff suffered from the time of his alleged injury to the filing of his petition as a direct and proximate result of defendant's alleged negligence. Plaintiff alone testified to the negligence he relied on and to his consequent injuries, and it does not appear that any one knew or heard of his complained of suffocation at the time, and certainly none of the superior employees of the mine ever heard of it until the filing of the suit. He neither called for nor was treated by any physician and no such witness was introduced to establish the injuries for which he claims the right to recover. If it should be concluded that the averment in the petition, ''and failed to provide said mines with such means of ventilation as required by law,'' could be construed into an allegation of fact sufficient to base the cause of action on a violation of section 2729-1, 1922, Carroll's Statutes (which to say the least of it is doubtful), there is no competent evident to show the damages relied on except the loss of fourteen days' work at $3.50 per day.

Plaintiff was permitted to testify over defendant's objection, in substance, that as a proximate consequence of his alleged negligent injury he lost a year's time from his work, and the court's instruction authorized a recovery therefor, in the face of the fact that he had sought recovery for only fourteen days' lost time. This was so

fundamentally erroneous as to require no discussion, elaboration, or citation of authorities. He was furthermore asked and permitted to answer over the objections of defendant these questions: "Q. If you have any marks or signs produced by that air or by the sickness in the mine show it to the jury? A. Yes, sir; place in my breast caused by it swelling. (The witness exhibits his naked breast to the jury.) Q. If there is any place on your legs or other parts of your body show it to the jury?" An objection to the question was overruled and the witness answered, "Knots on my legs." He was then permitted to state that he was physically strong at the time he suffered his alleged injuries, which was followed by the question, "And what has been your condition since that time?" An objection to the question was overruled with exceptions, and plaintiff answered "I can't work like I use to." If the evidence of knots on plaintiff's breast, legs or other parts of his body had been shown to be the proximate result of the negligence complained of it is doubtful if that evidence was admissible under the allegations that "plaintiff's lungs and system became infected and contaminated and poisoned" and "that his system was poisoned and injured." But, waiving that question, it is clearly manifest that in the absence of some evidence connecting the appearance of the knots as a proximate result of the injury complained of, it was highly erroneous and prejudicial to admit the introduction of the testimony by plaintiff concerning them, and this is too plain to require further consumption of time or space to demonstrate it. It was also error to permit plaintiff to testify as to his impaired physical condition in the absence of any allegation of, or claim for, permanent injuries, which proposition is also primary law.

Plaintiff introduced as a witness in his behalf Love Mullins, who testified over the objections and exceptions of defendant that he, the witness, accepted a position in defendant's mine after the alleged injuries suffered by plaintiff, but the length of time thereafter the witness did not know, and that while he was at work in a different part of the mine as much as two or three hundred feet from the place where plaintiff was at work when injured, he was likewise injured from the effects of foul and contaminated air. There was no proven fact connecting the injury alleged to have been sustained by plaintiff with that testified to by the witness, Mullins, which the latter sustained at an unfixed time thereafter, and at an entirely

different part of the mine, and the evidence of that witness was also erroneous and prejudicial.

Defendant furthermore complains of the ruling of the court in allowing plaintiff to read in his behalf the deposition of Booker Wright, which, it is insisted, was taken without notice to defendant, and that the certificate of the officer does not show that the witness was sworn; but, there were no exceptions filed to it before the commencement of the trial or at any time, and, under the provisions of section 587 of the Civil Code, no objection to the testimony could be made at the trial except to its relevancy and the competency of the witness to give it.

Complaint is also made of the instructions, which is justified to the extent that they permit a recovery based upon the incompetent testimony of plaintiff which we have hereinbefore discussed.

Wherefore, the judgment is reversed with directions to set aside the verdict and sustain the motion for a new trial and for proceedings consistent with this opinion.