## H. C. Holbrook v. Clona M. Holbrook.

(Decided December 7, 1926.)

## Appeal from Boyd Circuit Court.

Judgment—Surety on Forthcoming Bond Cannot Have New Trial After Default, on Showing of Reliance on Advice of Attorney for Attachment Defendant (Civil Code of Practice, Sections 214, 518, Subsection 7).—Where defendant, in divorce action, after attachment of personal property, executed bond under Civil Code of Practice, section 214, surety thereon, after default, held not entitled to new trial under section 518, subsection 7, on showing that one of attorneys for defendant in divorce action had advised him that he need not worry about bond or pay any attention to it.

WAUGH & HOWERTON for appellant.

JOHN W. WOODS and J. F. STEWART for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

In February, 1924, Clona M. Holbrook, instituted an action for divorce in the Boyd circuit court against her husband, C. M. Holbrook. An order of attachment issued in that action which was levied by the sheriff upon certain articles of personal property consisting of household

goods then in possession of C. M. Holbrook as his property. Under the provisions of section 214 of the Civil Code of Practice the latter executed a forthcoming bond for the property so attached and by that means kept possession of it. Appellant, H. C. Holbrook, signed the forthcoming bond as surety. Mrs. Holbrook was successful in that action in obtaining judgment for divorce and alimony. To compel the satisfaction of her judgment for alimony she gave notice that on the 10th day of December, 1924, she would move the court either for the forthcoming of the attached personal property or for its value under the terms of the forthcoming bond. The notice was duly served on both appellant and the principal in the bond, and on the day fixed for the hearing neither of them appeared or answered. The chancellor heard the evidence offered by appellee as to the value of the property attached, for the forthcoming of which or its value the bond bound appellant, and entered judgment against him for $1,212.00, its adjudged value. Appellant thereafter instituted this action for a new trial of that proceeding under the provisions of subsection 7 of section 518 of the Civil Code of Practice, which provides that the court in which a judgment has been rendered shall have power after the expiration of the term to vacate or modify it for unavoidable casualty or misfortune preventing the party from appearing or defending. Issue was joined, and, upon the hearing, the chancellor adjudged that appellant had not shown himself entitled to the relief sought and dismissed his petition. Appellant prosecutes the appeal from that judgment.

Appellant concedes that he executed the forthcoming bond and that due notice of the fact that appellee would move the court on December 10, 1924, for the forthcoming of the attached personal property or for a judgment for its value under the terms of the bond was duly served upon him. To establish that he was prevented by unavoidable casualty or misfortune from appearing and defending he testified that some time before he was served with the notice—and he is indefinite as to when—he talked with one of the attorneys representing C. M. Holbrook, the defendant in the divorce action, who was his nephew, about having signed the forthcoming bond, and was advised by him that "it did not amount to anything and that I need not worry any about it or pay any atten-

tion to it, or words to that effect.'' He testified also that he was sick on the day he was notified to appear, but further interrogation as to his illness and the extent of it disclosed that he merely had a cold; was not confined to his bed, but merely felt bad; and his testimony as to the time when he suffered from the cold was so indefinite that it can not be determined with certainty that it was on the day fixed by the notice for the proceeding against him under the forthcoming bond. The attorney who he stated so advised him testified for him herein that at some time during the pendency of the divorce action appellant inquired of him what liability he had incurred by signing the forthcoming bond, and that he inquired in turn whether or not appellant's nephew still had in his possession the property which had been attached for the forthcoming of which the bond made appellant liable, and was assured that he did have; and that he then stated to appellant that, if his nephew kept the property and produced it, if the court should decide that it was subject to any judgment that might be rendered in the divorce action, there would be no liability upon him. Appellant does not appear to have paid any attention at all to the notice that was served on him or to have employed counsel to represent him in the proceeding thereby instituted against him to enforce his liability under the forthcoming bond. His nephew, at whose instance he had signed the bond, does not appear to have paid any attention to the notice that was served on him, not even calling the attention of his attorneys in the divorce action to it. The record herein further establishes that most if not all of the property so attached, for the forthcoming of which or its value appellant bound himself by signing the bond, had been sold by C. M. Holbrook and its proceeds converted to his own use, thus placing it beyond appellant's power by producing it to relieve himself of liability for its value. In that state of case appellant insists that this court should hold that appellant was prevented by unavoidable casualty or misfortune from appearing and defending the proceeding to enforce his liability under the forthcoming bond, and that the chancellor erred in not so adjudging. If that position could be maintained the whole system of judicial procedure which we have devised whereby causes of action and judicial proceedings may be instituted and brought to trial would be rendered

impotent. It would be to hold that after trial had and judgment rendered pursuant to the prescribed requisite steps to its validity the defendant, by stating that he had been advised by an attorney that he had incurred no liability by signing the bond, or the contract, or the note, or by the tort he had committed, or by his negligence, or under whatever facts existed, which were pleaded as the cause of action against him, and that for that reason he employed no counsel, disregarded the summons that had been served on him, and did not appear or answer, would be entitled to a new trial under the provisions of the section of the Civil Code, *supra*, for the casualty and misfortune which thus prevented him from appearing and answering.

In Commonwealth v. Fidelity & Columbia Trust Company, 185 Ky. 300, it was said:

"The unavoidable casualty or misfortune that would authorize the granting of a new trial means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing or having done something that except for the casualty or misfortune would have been done, and it does not include mistakes or errors of judgment growing out of a misconstruction or misunderstanding of the law, whether it be found in the form of statutes or court opinions, or embrace the failure of parties or counsel through mistake to avail themselves of remedies which if resorted to would have prevented the casualty or misfortune asserted."

Nothing in the state of facts here presented tends in the least to establish casualty or misfortune that would authorize the granting of a new trial to appellant within the rule above, or within the section, *supra*, of the Code, and the chancellor correctly so adjudged.

For the reasons indicated the judgment herein is affirmed.