## Gottsegen et al. v. Wilson.

May 30, 1939.

Grover C. Thompson and Grover C. Thompson, Jr., for appellants.
William H. Cecil for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Martin Gottsegen and Harry J. Gottsegen, trading as Universal Merchandise Company, brought an action in the Fayette circuit court against J. H. Coffey, Lillian Coffey, and Elmer Wilson, trading as Lexington Merchandise Company, to recover a balance due on merchandise sold and delivered by plaintiffs to defendants during the years 1934 and 1935. Plaintiffs alleged in their petition that they had sold and delivered to the defendants merchandise of the value of $2,989.99, and defendants had paid to plaintiffs the sum of $2,295.89, leaving a balance due of $694.10. By amendments to the petition the defendants were credited with additional payments, reducing the amount claimed to $545.15. J. H. Coffey and Lillian R. Coffey, in their answer, admitted that they were indebted to plaintiffs in some amount. Elmer Wilson filed a separate answer in which he admitted that he had been engaged in business in Lexington, Kentucky, as a member of a partnership composed of himself, J. H. Coffey, and Lillian R. Coffey under the firm name of Lexington Merchandise Company, but alleged that on August 1, 1934, before plaintiffs' cause of action arose and before the debt sued on was created, he withdrew from the partnership. He filed as an exhibit with his answer a paper executed by himself and the Coffeys in which J. H. Coffey and Elmer Wilson transferred their interest in the Lexington Merchandise Company to Lillian R. Coffey. This paper was dated August 31, 1934, and was acknowledged by the parties thereto before a notary public on September 3, 1934. It was neither alleged nor proved that the contents of this instrument were ever communicated to

the plaintiffs. A reply to the answer of Wilson was filed by plaintiffs traversing its allegations and affirmatively pleading that plaintiffs had no notice of Wilson's withdrawal from the partnership. The affirmative allegations of plaintiffs' reply to Wilson's answer were controverted of record, and, on the trial of the case, a verdict was returned against the three defendants for $545.15. The Coffeys did not move for a new trial and are not parties to this appeal. Appellee Wilson moved for a new trial, and assigned two grounds for setting aside the verdict as to him: (1) Error of the court in admitting in evidence certain depositions over his objections and exceptions when such depositions had been taken upon insufficient notice to the defendant; and (2) misconduct on the part of the plaintiffs' attorney during his final argument in answering questions asked by a juror. Several affidavits and counter affidavits were filed, and on June 5, 1937, the court sustained Wilson's motion for a new trial, and set aside the judgment as to him. On November 19, 1937, a second trial was had, and the jury returned a verdict for the defendant Wilson, and the plaintiffs have appealed.

After the first trial, the plaintiffs prepared and tendered a bill of exceptions, and took all steps necessary to preserve their right to have reviewed the order of the court granting the defendant a new trial. On this appeal a transcript of the proceedings and evidence on each trial is before us. After the second trial the plaintiffs moved for a new trial and assigned as one of the grounds, error of the court in setting aside the verdict rendered on the first trial. They moved to set aside the verdict returned by the jury on the second trial, and, in lieu thereof, to substitute the verdict returned in favor of the plaintiffs at the first trial. On this appeal appellants urge other grounds for a reversal of the judgment, but, since we have concluded that the circuit court erred in the first trial in sustaining appellee's motion for a new trial and setting aside the verdict, no other ground need be considered.

In his motion for a new trial, the appellee relied upon the two grounds heretofore mentioned. The second ground was without merit, since the record does not disclose the questions asked by the juror nor the answers made by plaintiffs' attorney. Furthermore, no objection was made nor exception taken at the time. The record does not reveal the trial judge's reason for

sustaining Wilson's motion for a new trial, but, undoubtedly, he was of the opinion that the depositions read by appellants had been taken on insufficient notice and he had erred in admitting them. No other ground for a new trial was assigned by appellee, and a careful examination of the record fails to disclose any error in the trial of the case warranting the action of the court. If the depositions in question were properly admitted, there was ample evidence to sustain the verdict for the plaintiffs. In fact, in view of the proof, a peremptory instruction for plaintiffs would not have been improper.

The contract between the Universal Merchandise Company and the Lexington Merchandise Company, the purchases made by the latter, and the credits on its account were proved by the testimony of Gladyce Riseman Sperling and Fannie Dunne, whose depositions were taken in Chicago, March 13, 1937. Miss Sperling is the general manager and chief bookkeeper of the Universal Merchandise Company, and Miss Dunne is assistant bookkeeper. A letter dated June 4, 1934, addressed to Universal Merchandise Company and signed by J. H. Coffey, was identified by Miss Sperling. In it the writer said:

> "We are moving the store to—137 N. Mill Street, Lexington, Kentucky—which will be managed by myself as usual but my cousin, Elmer Wilson who is employed by L. & N. Railroad Company, will be in partnership with me. The store will go under the name of Lexington Merchandise Company. There are no stores of this type there so it will eliminate all competition."

A letter signed by J. H. Coffey and Elmer Wilson dated June 11, 1934, and addressed to Universal Merchandise Company, was also introduced. In it this appears:

> "This is to notify you that we are now operating under the name of Lexington Merchandise Company, which is owned and operated by J. H. Coffey, and Elmer Wilson, located at 137 N. Mill Street, Lexington, Kentucky. We two will be responsible for our future obligations to you.
>
> "We are awaiting your shipments which was ordered shipped Monday, June 11."

Appellee Wilson admitted that he signed this letter

and that he remained in the partnership until August 31, 1934, when he sold and transferred his interest to Mrs. Coffey. He was asked if he notified appellants that he had withdrawn from the partnership, and he answered: "Yes, I wrote them a personal letter." Appellants' proof showed that they never received such a letter, and had no notice of his withdrawal from the partnership until after the suit was instituted. The evidence on the second trial was substantially the same as that on the first trial, except that appellee Wilson elaborated on his statement made on the first trial to the effect that he had written to appellants notifying them of his withdrawal from the partnership. He attempted to show that he had properly addressed and mailed the letter.

It is appellee's contention on this appeal that the notice to take the depositions of Miss Sperling and Miss Dunne did not give him reasonable opportunity to be present at the taking of the depositions. He relies upon Sections 567 and 571 of the Civil Code of Practice. Section 567 provides that the party notified shall have two days for preparation if the distance to be traveled is more than 100 miles, and if the distance is more than 50 miles and the usual mode of travel is by steamboat, railroad cars or other public conveyance the time ordinarily required by such mode of travel, with the days given for preparation, shall be deemed sufficient in the notice. Section 571 provides that if more than three days' notice to take a deposition be required by Section 567, the party to whom the notice is given may, by notice to the adverse party or his attorney, require the deposition to be taken upon interrogatories. When the motion for a new trial was under consideration, appellee's attorney filed an affidavit in which he stated that he did have a notice served on appellants' attorney that he desired to have the depositions taken upon interrogatories. On February 20, 1937, an order was entered setting the case for trial on March 17, 1937. On Tuesday, March 9, 1937, at 10 a. m. the notice to take depositions of Miss Sperling and Miss Dunne was served on appellee's attorney in Lexington, Kentucky. The defendant was notified that on Saturday, March 13, 1937, at 9 o'clock a. m. at the law office of Eugene Weinberg, 134 North La Salle Street, Chicago, Illinois, plaintiffs would take the depositions of Miss Sperling and Miss Dunne. On the hearing of the motion for a new trial it was shown that

the time ordinarily required to travel from Lexington to Chicago by railroad, the usual mode of travel, was 12 to 15 hours. It will thus be seen that, including the two days given for preparation by Section 567 of the Code, less than three days' notice was required by that section, and, consequently, appellee could not require the depositions to be taken upon interrogatories under Section 571. In Fireman's Insurance Company v. McGill, 164 Ky. 621, 176 S. W. 27, 28, the court, after quoting Sections 565, 567, and 571 of the Civil Code of Practice, said:

"The sections of the Code above quoted in substance provide that in cases where the distance exceeds 100 miles, and the party receiving the notice has had two days in which to make preparation, he must be unable, by the usual public conveyance, to make the journey to the place where the deposition is to be taken in one day before his adversary can be required to take the deposition upon interrogatories. If the journey requires more than one day, where the distance is more than 100 miles, the party giving the notice may be required to take the deposition upon interrogatories; if the journey can be made in one day, it may be taken upon notice, since not more than three days' notice to take the deposition is then required by Section 567, supra."

Even if it be conceded that plaintiff's contention is correct and he was entitled to have the depositions taken upon interrogatories, he failed to comply with Sections 586 and 587 of the Civil Code of Practice, and his objection to the reading of the depositions, first made during the trial, came too late. Section 586 of the Civil Code provides that "Exceptions to depositions shall be in writing, specifying the grounds of objection, filed with the papers of the case, and noted on the record," and Section 587 provides that no exception other than to the competency of the witness or to the relevancy or competency of the testimony shall be regarded unless it be filed and noted on the record before the commencement of the trial. The depositions in question were taken on Saturday, March 13, 1937, and were filed with the papers of the case in the circuit court clerk's office in Lexington, Kentucky, on Monday, March 15, 1937. No exceptions in writing were filed, but appellee orally objected during the trial when appellants offered to read them. His objection was properly overruled. In Ken-

740

tucky-Elkhorn Coal Corporation v. Bingham, 194 Ky. 800, 241 S. W. 60, 61, it was said:

> "Defendant furthermore complains of the ruling of the court in allowing plaintiff to read in his behalf the deposition of Booker Wright, which, it is insisted, was taken without notice to defendant, and that the certificate of the officer does not show that the witness was sworn; but there were no exceptions filed to it before the commencement of the trial or at any time, and, under the provisions of Section 587 of the Civil Code, no objection to the testimony could be made at the trial except to its relevancy and the competency of the witness to give it."

See, also, Cox v. Monday, 264 Ky. 805, 95 S. W. (2d) 785; Ratcliff's Guardian v. Ratcliff, 242 Ky. 419, 46 S. W. (2d) 504; Holliday v. Holliday, 238 Ky. 522, 38 S. W. (2d) 436; Anglo-American Mill Company v. Phillips, 236 Ky. 245, 32 S. W. (2d) 994; Webb v. Webb, 190 Ky. 574, 228 S. W. 13.

The trial court has a wide discretion in passing on motions for a new trial and, ordinarily, its action will not be disturbed, but a careful consideration of the record in the present case fails to disclose any substantial reason for the court's action in setting aside the verdict on the first trial. It is not a case where conflicting conclusions could be reached. As we have seen, the grounds assigned for a new trial were untenable, and the only ground other than these upon which the court could have based its ruling was insufficiency of the evidence to sustain the verdict. The evidence, however, preponderated on the side of the plaintiffs in whose favor the verdict was returned. As said in Strode v. Strode, 194 Ky. 665, 240 S. W. 368, 372, 27 A. L. R. 313:

> "Evidently each case must be determined upon its own peculiar facts and circumstances; but, whatever may be the true circumscribing limits of the terms referred to, we are satisfied that it was never intended to be announced by this or any other court as a sound doctrine that a trial court exercises 'a sound discretion,' with no authority to interfere by a reviewing court, in granting a new trial for insufficiency of evidence to support the verdict when it was equiponderant (or nearly so) and the finding of the jury would be undoubtedly proper and sustainable if rendered either way. Clearly in that case

there is an abuse of discretion within the rule and the duty of the reviewing court to interfere by exercising its authority arises. A contrary hold'ng would lodge with the trial court the power to retain a case on the docket indefinitely, or until a jury could be found which would return a verdict in accordance with its conception of the facts, notwithstanding the evenly balanced condition of the testimony. Such a discretion, if possessed by the court, would not only be an unwarranted encroachment upon the proper and legitimate functions of the jury, but it would tend to delay the final disposition of causes, not to mention the arbitrary power with which it would vest trial courts.''

We conclude that the court erred in overruling the motion on the last trial to reinstate the first verdict and render judgment thereon.

The judgment is reversed, for proceedings consistent herewith.