## Fuson v. Fuson.

Oct. 13, 1939.

J. B. Snyder for appellant.
Daniel Boone Smith for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

On March 2, 1936, appellee, N. D. Fuson, filed suit in the Harlan Circuit Court against the appellant, Sarah Jane Fuson, being represented in that action by E. L. Morgan, attorney. Depositions in behalf of appellee were taken on the 22nd of March but never filed. On April 7 appellant filed answer and counterclaim and on April 25 notice was given of appellant's intention to take depositions on April 27, the notice being executed on E. L. Morgan, plaintiff's attorney of record, the

sheriff's return reciting that appellant was out of the county. Pursuant to this notice, depositions were taken and filed. Thereafter the May and October terms, 1936, of the Harlan Circuit Court intervened, but no judgment was rendered in the action. However, on the 19th day of the October term judgment was rendered in behalf of appellant, awarding her a divorce, custody of a child, $15 per month for the support and maintenance of the child, and $300 alimony, payable in monthly installments of $10.

On the 22nd day of March, after the taking of depositions in behalf of appellee, he and his attorney had a disagreement and the employment of Mr. Morgan as attorney was terminated, but no withdrawal was ever entered of record. On the 21st day of the October term appellee appeared in the original action by another attorney and moved to set aside the judgment on the ground that notice to take the depositions in behalf of appellee. was not properly executed because E. L. Morgan had withdrawn as his attorney. This motion was not acted on at the regular term, but at a November special term the motion was heard and overruled, an appeal being granted to appellee but never perfected.

The present action was filed on May 10, 1937, alleging that E. L. Morgan was not appellee's attorney at the time the notice to take depositions was served on him; that the taking of said depositions and submission of the action took place without appellee's knowledge, and that he had no opportunity to defend the action, and that, since he discovered what had taken place, he immediately filed the motion above mentioned to vacate the judgment, which was overruled. The petition prayed that the judgment be set aside. The cause was submitted on the pleadings and judgment was entered setting aside and holding for naught the judgment rendered in the original action, and from this judgment the appeal is prosecuted.

The action apparently was filed under Subsection 7, Section 518 of the Civil Code of Practice authorizing the court in which a judgment is rendered to vacate or modify it after the expiration of the term on the ground of unavoidable casualty or misfortune preventing a party from appearing and defending, the casualty or misfortune alleged being appellee's lack of knowledge of the taking of depositions and submission of the case be-

cause his original attorney had withdrawn from the action at the time the notice to take depositions was served on him.

Considerable argument is indulged in the briefs as to the legality of the service of the notice to take depositions, but we find it unnecessary to decide this question since, even though it be conceded that the service of the notice was insufficient, it is still apparent that no unavoidable casualty or misfortune was either alleged or proven which warranted the setting aside of the judgment.

Conceding, arguendo, that the notice to take depositions was insufficient, yet the depositions were properly considered by the court on the trial of the action because no exceptions were filed thereto. By virtue of Section 587, Civil Code of Practice, no exception other than to the competency of a witness or to the relevancy and competency of the testimony shall be regarded unless it be filed before the commencement of the trial and before or during the first term of court after the filing of the deposition. In Kentucky-Elkhorn Coal Corporation v. Bingham, 194 Ky. 800, 241 S. W. 60, it was held that an objection to a deposition for lack of notice was within the purview of this section. The failure of appellee to file exception to the depositions on this ground was therefore a waiver of the sufficiency of the notice.

It is alleged that Mr. Morgan withdrew as attorney on the 22nd day of March, yet appellee, with knowledge of this fact, took no steps whatsoever in the action and did not procure another attorney until after judgment was rendered on the 26th day of October, 1936. Two terms of court had intervened since the withdrawal of his attorney with no steps whatever taken on his part to prosecute or defend the action. This was obviously not an unavoidable casualty or misfortune preventing appellee from appearing in the action but was gross neglect on his part. Neglect, mistake or bad advice of counsel is not an unavoidable casualty warranting the granting of a new trial. McCommas v. McCawley, 228 Ky. 263, 14 S. W. (2d) 1057; Carter v. Miller, 264 Ky. 532, 95 S. W. (2d) 29; a fortiori negligence of a party himself is not an unavoidable casualty warranting a granting of a new trial. In Holbrook v. Holbrook, 217 Ky. 77, 288 S. W. 1039, it was held that the fact that the litigant relied on the advice of his attorney to pay no attention to the

pending suit was not ground for a new trial. If neglect of an action on attorney's advice does not constitute ground for a new trial, all the more does such neglect without advice of counsel fail to constitute such ground. Appellee was guilty of gross neglect and inattention to the action in permitting two terms of court to pass without securing counsel—such neglect and inattention are obviously not unavoidable casualty or misfortune warranting the granting of a new trial.

The judgment is reversed with directions to enter a judgment dismissing the petition.