## Drolenga v. Drolenga.

Oct. 24, 1941.

Mervin K. Eblen for appellant.

Napier & Napier for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming in part and reversing in part.

The parties to this appeal were married in Chicago and lived there until March, 1935, when the appellant came to Kentucky. Although appellant testifies that he

had not lived with his wife for several years prior to the final separation, he admits that until he departed for Kentucky, he had returned to his home and lived in the same house with her whenever his employment as a government construction engineer permitted him to do so. He claims that his wife refused to accompany him when his work required his presence in other cities, and that such refusal constituted an abandonment which entitled him to a divorce. He says that she was not a "satisfactory wife"; that her brothers, one of whom now employs her as his housekeeper, did not like him; but fails to prove or allege anything against her conduct or character. Nor does he allege that abandonment is a ground for divorce in Illinois. By an amended petition he charged as a ground for divorce five years living apart without co-habitation, but his testimony likewise failed to establish this charge.

Proceeded against by warning order, appellee filed an answer and counterclaim in which she sought alimony and a dismissal of the petition. She took her proof in Chicago by deposition after having given appellant thirteen days' notice of the time and place of the taking. Conceiving that he was entitled to have the depositions taken on interrogatories, appellant served appellee with a notice to this effect in the manner prescribed by Section 571, Civil Code of Practice. Exceptions were filed by appellant and sustained by the Court because the stipulation of facts showed that a person could not reach Chicago by train from Hazard during the twenty-four hour period from one midnight to another, although it was shown that by leaving at 7:15 o'clock A. M., one could arrive in Chicago by 5:10 o'clock A. M. the following morning, or by leaving at 4:20 P. M., could reach Chicago by 2:10 P. M. the next afternoon.

Clearly the Court was in error in this ruling, since the word "day" as used in Section 567, Civil Code of Practice, means a period of twenty-four hours. Hence, a notice allowing two days for preparation and one day (24 hours) for travel, was sufficient, and appellee was not required to take her proof upon interrogatories. Fireman's Insurance Company, etc., v. McGill, 164 Ky. 621, 176 S. W. 27; Gottsegen v. Wilson, 278 Ky. 734, 129 S. W. (2d) 575.

The testimony given by the appellee and her witnesses disproved the charges made by the appellant, and

entitled her to substantial alimony. The Court, however, entered a judgment dismissing both the petition and the counterclaim, and thereafter entered an order allowing her $500 payable in instalments covering the estimated period of this appeal. After coming to Kentucky, appellant, for a short time, voluntarily made monthly remittances to appellee, but, concluding that she could live on what she received from her brother, he discontinued these remittances, and thereafter sent $40 per month to their son who resided with appellee. This boy is now eighteen or nineteen years of age, and no longer need be considered. Appellant receives a salary of $250 per month and a $20 per month disability benefit. Appellee is without property or means. Although she testified that $150 per month was necessary for her support, we regard this demand as exorbitant under the circumstances shown, and are of the opinion that $75 per month would be more commensurate with appellant's situation and earning capacity. Appellee is also entitled to an additional amount to cover the elapsed period, and to a reasonable fee for her attorneys who have already received an allowance of $100 for expenses. From our examination of the record, we conclude that this fee should be $200, to be taxed as costs.

The judgment is affirmed on the original appeal and reversed on the cross appeal, with directions to award appellee a lump sum judgment for $500, plus costs, in addition to the amounts heretofore adjudged her, and alimony from the rendition of this opinion at the rate of $75 per month.