The SHELBY COUNTY BOARD OF EDUCATION, Appellant,

v.

Richard MORELAND et al., Appellees.

Court of Appeals of Kentucky.

Oct. 28, 1966.

Rehearing Denied Dec. 16, 1966.

Charles E. Duncan, Duncan & Lehnig, Louisville, for appellant.

Kinsolving & Kinsolving, Shelbyville, Edward F. Prichard, Jr., Marion Rider, Frankfort, for appellees.

PALMORE, Chief Justice.

The Shelby County Board of Education appeals from a verdict and judgment in favor of appellees, Elvin Bailey and the personal representatives of William Crisp and John Moreland, which they obtained upon the fourth trial of this case. The critical question is whether the trial court erred in setting aside a verdict returned in favor of the Shelby County Board of Education in the third trial and granting a new trial.

On a morning in January of 1959 Bailey, Crisp and Moreland were standing in front of Moreland's disabled car which was stopped on the north shoulder of U.S. Highway No. 60 in Shelby County. A car driven in a westerly direction by James Hawkins pulled partly off the highway onto the north shoulder west of the Moreland car and was struck from behind by a car operated by Donald Palmer which also was headed west. The Palmer car then crossed the center line of the highway and sideswiped an eastbound school bus belonging to appellant, whereupon the bus angled across the highway and struck the three men standing in front of the Moreland car, killing two of them and injuring the other.

Appellees brought this action for damages against Hawkins, Palmer and the appellant school board. A trial in 1961 resulted in a verdict for appellees against all defendants. Hawkins and the school board appealed and this court by memorandum opinion affirmed the judgment as to Hawkins but reversed as to the school board. On that appeal it was held that there was sufficient evidence to support a verdict against the school board on the theory that the driver of the bus negligently failed to control it after its collision with the Palmer car, but because of an error in the instructions that portion of the judgment was reversed and the case was remanded for a retrial of the issue of the school board's liability. A second trial in 1964 resulted in a hung jury. At a third trial during February of 1965 the jury found for the school board, but the trial court set the verdict aside and granted appellees a new trial. The fourth trial, held during July, 1965, resulted in a judgment for appellees.

At the first trial Hawkins had testified as to what occurred at the time of the accident. At the second trial Hawkins

was subpoenaed as a witness but could not be found. His testimony given at the first trial was read without objection. At the third trial appellant did not have a subpoena issued for Hawkins but moved to read his testimony from the transcript of the first trial. Over an objection by appellees the trial court permitted it to be read to the jury. After the verdict was rendered at the third trial appellees moved to set it aside on the ground that Hawkins' testimony should not have been read because appellant had failed to establish that it had diligently but unsuccessfully sought to procure Hawkins' presence in court. The trial court sustained the motion and granted a new trial.

■ Assuming, but without so deciding, that the admission of Hawkins' transcribed testimony was an error, we are of the opinion that it was non-prejudicial. "No error * * * is ground for granting a new trial or for setting aside a verdict * * * unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." CR 61.01. "Thus in every instance when an error is claimed, the court must consider not only whether * * * an error has been committed but whether * * * it was prejudicial under the circumstances." Clay's Kentucky Practice, CR 61.01, Comment 2. In the absence of a "substantial reason," the action of a trial court in setting aside a verdict exceeds the bounds of "sound discretion." Gottsegen v. Wilson, 278 Ky. 734, 129 S.W.2d 575, 578 (1939).

■ Hawkins was one of several eyewitnesses to the accident, including Bailey, Palmer, and one James Pickett, who was not a party to the litigation. The only portion of Hawkins' transcribed testimony from the first trial which really could have been prejudicial to the plaintiffs when read to the jury at the third trial consists of his having characterized the impact between the Palmer car and the school bus as "a pretty good crash," "a pretty hard blow." He said also that it was "a glancing blow," or "a glancing lick," explaining as follows: "Well, it sounded like a pretty good blow, it was a glancing blow, nobody hit headon, it was a glancing blow. It would be considered a pretty good blow as the car went off on the right side after it hit."

These descriptions of the force of the impact were merely cumulative of other testimony to the same effect, none of which was contradicted by any witness.

The plaintiff Elvin Bailey said, "I saw a dark streak of another car [Palmer] go by" and then "I heard a crash and I turned back around and saw the school bus coming at me." "Was it a loud crash?" "I would say it was, I don't know, I just heard a crash, I couldn't say now." Asked to estimate the speed of the Palmer car, he replied, "Looked like it was coming fast."

Palmer himself, appearing at the third trial as a witness for the plaintiffs, testified that "the bus hit me and knocked me out of my car." "How did you happen to fall out of your automobile?" *"The blow knocked me out of it."* (Emphasis ours.)

James Pickett was a disinterested witness called by the plaintiffs. His testimony on this facet of the case was as follows:

Q—"Describe, if you can, the force of the impact between the bus and the Palmer car."

A—"It was considerable force. I would say at 40 miles an hour for the automobile and 30 or 35 miles an hour for the bus, a pretty good impact."

Thus it is apparent that wholly apart from the Hawkins testimony there was only one reasonable conclusion the jury could have drawn with respect to the severity of the impact between the Palmer car and the bus.

Between the third and fourth trials Hawkins' deposition was taken. He first described the impact as "a glancing lick," a "side lick." He was asked to say whether the sound of the impact was loud, soft, or medium, to which he replied, "It was loud." Then he was asked to describe the *force* of the impact and, just as he had done at the first trial, he said, *"It was a pretty hard blow."* (Emphasis ours.) Remarkably, this deposition was introduced and read at the fourth trial *not by the school board but by the plaintiffs*, who now insist that similar testimony admitted in the third trial prejudiced them. It seems to us that their own use of substantially the same matter in the last trial compromises the argument that they were prejudiced by it in the third trial.

It is our conclusion that the granting of a new trial was erroneous.

The cause is reversed with directions that a judgment be entered in conformity with the verdict rendered at the third trial.

MONTGOMERY, J., dissenting.