### Lowe v. Williamson et al.
May 30, 1939.

A. F. Childers for appellant.

Stratton & Stephenson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This case is a continuation of certain phases of the litigation reported in Williamson v. Lowe, 172 Ky. 80, 188 S. W. 1065, and Williamson v. Lowe, Administrator, 195 Ky. 32, 241 S. W. 333. In the first case it was directed that certain deeds executed by O. B. M. Lowe to three of his children, Tandy B. Lowe, J. M. Lowe, and Alice Lowe Stepp, be cancelled. The second appeal of the case involved the distribution of $33,000, which had been received from the sale of timber on the lands in question by the three children prior to the death of their father. The lower court set aside half of this sum of money for Elizabeth Lowe, widow of O. B. M. Lowe, who had died in 1911. This Court reversed that judgment and directed that the money received from the sale of the timber and restored in lieu thereof be considered for the purpose of distribution among its rightful owners, the heirs of O. B. M. Lowe, as real estate rather than as personal property, and gave Elizabeth Lowe a life interest in one-third or $11,000 of the money in question.

In 1928, a suit which had been filed by Octavia Lowe Williamson and others against Etta Lowe, administratrix of the estate of her deceased husband, Tandy B. Lowe, and others, was consolidated with the old suit of Octavia Lowe Williamson et al. v. Tandy B. Lowe et al. No final judgment was entered in the consolidated cases

until the judgment which was entered by the special judge on January 29, 1938. However, a judgment was entered in the original case in conformity with the opinion of this Court in the case of Williamson v. Lowe, Administrator, supra, and a judgment was entered in 1927 in the suit which had been filed to settle the estate of Tandy B. Lowe.

It was adjudged in the 1938 judgment in the consolidated cases that the appellant, James M. Lowe, is indebted to the appellees, other heirs of O. B. M. Lowe, and that he pay to them the sum of $4489.97 with interest at 6% from July 25, 1928 (the time of the filing of the report of the special commissioner in the consolidated cases), subject to a credit of $1081.25 as of December 30, 1929. The 1929 credit represented principally a distribution to the appellant of his share of the $11,000 which had been set aside for the use of his mother, Elizabeth Lowe, following her death in 1928. In urging reversal the appellant insists that the trial judge erred in allowing interest on interest, and that the reports of the commissioner and the special commissioner, as well as the earlier judgments, treated the money which appellant received from the sale of the timber as "advancements."

In respect to his latter contention, appellant pleaded the judgment which was entered shortly after the report of Commissioner Moore was filed in 1919, and from which judgment the appeal in the case of Williamson v. Lowe, Administrator, was prosecuted to this Court, and the 1927 judgment in the suit to settle the estate of Tandy B. Lowe, as bars to recovery on the part of appellees. In so far as this contention is concerned, we think that the opinion in the case of Williamson v. Lowe, Administrator, clearly controls this question. It has been pointed out that this Court directed that the $33,000 which had been received from the sale of the timber should be treated as realty rather than as personal property, in so far as the distribution of the estate of O. B. M. Lowe was concerned. It. is obvious, therefore, that the distribution of this money should have been made accordingly, regardless of the reference in commissioner's reports and judgments before and after that decision as to the treating of this money as "advancements" from O. B. M. Lowe.

The most complete statement as to the condition of

the estate of O. B. M. Lowe, including advancements to his eleven children, and also the treatment of the $33,000 received from the sale of the timber, that we find in the record is the report of Commissioner Moore filed September 25, 1919. This report shows that the appellant had $4182 of the timber money in his hands after certain payments had been made to the owners of the senior patent. It was recommended by the commissioner that the appellant be given a credit of $3,000 representing his distributable share of the timber money, and that he be charged with interest on the remaining $1182 from 1911. The report also set out that he should be charged with advancements amounting to $1231.83, making a total of $2922.09 owing by appellant to his father's estate. After the two cases were consolidated in 1928, and upon a re-reference of the matter to a special commissioner, he reported that the appellant had received $6,039.25 in excess of his share of his father's estate.

When the final judgment was entered in 1938, the trial judge pursued a course which he considered more favorable to the appellant in arriving at what he owed the estate. The trial judge took the $2922.09 found by Commissioner Moore to be owing from the appellant to the estate in 1919, and calculated interest on that amount until July 25, 1928, the date when the report of the special commissioner was filed, which showed that J. M. Lowe had received $6039.25 in excess of his share of the estate. This gave him a figure of $4489.97, including principal and interest. He then directed that interest be paid on this sum from July 25, 1928, to the date of the judgment, subject to the credit of $1081.25 as of December 30, 1929.

As indicated, the appellant is complaining that the trial judge erred in allowing interest on interest. Be this as it may, our examination of the whole record leads us to the conclusion that any error which the trial judge may have made was beneficial rather than prejudicial to the appellant. As indicated, the 1919 report of Commissioner Moore impresses us as being the most accurate report in the record. It is possible, however, that the 1928 report of the special commissioner may be the more accurate of the two. We have no way of determining the accuracy of either or both of the reports, because we have before us only the summary figures. Certainly the appellant was not prejudiced by the course followed by the trial court if the amount found owing by

the appellant in the 1928 report is in fact the correct amount owing by him.

The amount of the judgment against appellant, including interest up until the date of the judgment in January, 1938, will approximate $5,000. Our calculations show that the amount owing by the appellant would be considerably in excess of this sum, if the $2,000 representing the share to which he was entitled from the timber money under the opinion in the case of Williamson v. Lowe, Adm'r, had been applied first to offsetting the advancements of $1231.83 aside from the timber money found owing by Commissioner Moore and the balance applied on the $4182 timber money which he held.

It is true, as appellant contends, that he should not be charged with interest on that part of the timber money left in his hands to the use of which his mother, Elizabeth Lowe, was entitled until the time of her death in 1928. But if, as appellant contends, Elizabeth Lowe was entitled to the use of only one-third of the timber money in his hands, it can be seen that the balance, including interest, subject to the credit of $1081.25 in 1929, would equal or exceed the amount of the judgment the appellant is appealing from.

It is our conclusion, therefore, that the method followed by the trial judge in determining the amount owing by the appellant was not prejudicial to him. In the instant case the chancellor participated in the trial of the case, he heard the arguments of counsel for the parties, and, as indicated, it appears to us he reached a conclusion which was not prejudicial to the appellant. There being no cross appeal, we are not disposed to disturb his finding. Section 756, Civil Code of Practice.

As to the contention that consideration should have been given to the appellant's one-third interest in the share of his brother, Hayes Lowe, we find from referring to the 1919 report of Commissioner Moore that he owed the estate $286.83. The judgment entered shortly after the filing of the report of Commissioner Moore shows that Hayes Lowe had received $4500, including his share of the timber money. The 1928 report of the special commissioner showed that Hayes Lowe had received $394.93 in excess of his share of his father's estate. It can be seen, therefore, that the appellant's one-third interest in the share of Hayes Lowe, even when considera-

tion is given to the distribution of the balance of the estate after the death of Elizabeth Lowe in 1928, would amount to little, if anything, on the basis of the figures before us.

Judgment affirmed.