## Williamson et al. v. Lowe's Adm'x et al.
## Lowe's Adm'x et al. v. Williamson et al.

June 21, 1940.

R. Monroe Fields, Judge in first case.

Clay Kauffman, Special Judge in second case.

Stratton & Stephenson for Octavia Lowe Williamson et al.
J. C. Cantrell for Tandy B. Lowe's Adm'x et al.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing in part and affirming in part.

This litigation has been in the courts for over a quarter of a century. Many of the original parties have passed away and have been supplanted by heirs and legal representatives. Opinions on three former appeals will be found in 172 Ky. 80, 188 S. W. 1065; 195 Ky. 32, 241 S. W. 333; and 278 Ky. 760, 129 S. W. (2d) 579. All the facts and circumstances are or should be known to the parties, and it will only be necessary for any other persons desiring information concerning them to refer to former opinions. We shall therefore refrain from any further recitation of the history of the case than may be necessary in disposing of two appeals and a cross appeal now before us.

The last of the former opinions dealt with an appeal of J. M. Lowe from a judgment rendered in January, 1938. In that judgment it was adjudged that plaintiff recover of Etta B. Lowe, administratrix of the estate of Tandy B. Lowe, the sum of $14,619.02 with interest from July 25, 1928, until paid, subject to a credit of $1,081.25 as of December 30, 1929; that plaintiffs had an equitable lien upon certain lands of Tandy B. Lowe described in the judgment to secure the payment thereof and that the lien be enforced; that the land or a sufficiency be sold to satisfy plaintiff's debt. A sale of the land by the master commissioner was directed, but the question of further equalization of the heirs of O. B. M.

Lowe was reserved for future adjudication. The land was sold by the commissioner for the sum of $23,000. As we gather from the record it was purchased by trustees to be held in trust for all parties to the consolidated action as their interests might appear.

Thereafter upon motion of heirs of Tandy B. Lowe the consolidated causes were referred to the master commissioner to make an accounting for the purpose of equalizing the heirs of O. B. M. Lowe and determining the amount which the plaintiffs were entitled to recover from the estate of Tandy B. Lowe at the time of the sale of the land to the trustees; and to determine from such accounting the interest of the parties in the land held by the trustees fixing the interest of plaintiffs therein in proportion to the amount they were entitled to recover from the estate of Tandy B. Lowe at the time of the sale and the balance due the children of Tandy B. Lowe. The commissioner made a report of his findings to which both sides filed exceptions.

It is sufficient to say that the chancellor finally adjudged that the estate of Tandy B. Lowe was indebted to the estate of O. B. M. Lowe at the time of the sale to the trustees on March 7, 1938, after giving credit for a one-eleventh part of the estate of O. B. M. Lowe to which Tandy B. Lowe was entitled, in the sum of $16,597.36 and fixed the interest of Tandy B. Lowe's heirs in the land sold to the trustees in proportion to the difference between that sum and the purchase price. The judgment also fixed the sums to be paid to the other heirs of O. B. M. Lowe to effect an equalization.

Octavia Lowe Williamson and the other heirs of O. B. M. Lowe have appealed from that judgment and the administratrix and heirs of Tandy B. Lowe have been granted a cross appeal; and the heirs of Tandy B. Lowe have since prosecuted an appeal from the judgment rendered January 1938. On motion of the parties the appeals have been considered together and will be treated in one opinion.

The real controversy is over the amount the estate of O. B. M. Lowe was entitled to recover from the estate of Tandy B. Lowe which incidentally, of course, would affect the question of equalization and the interest of the respective heirs in the land.

The case was first referred to the master commissioner of the court and was later referred to different special commissioners and the findings of these commissioners cannot be reconciled. As was pointed out in the opinion on the last of the former appeals, apparently there are errors in all of the reports and it is impossible to determine the basis of some of the figures. We are convinced that the errors and discrepancies in reports of the commissioners have been occasioned by the improper inclusion or exclusion of the $11,000 set aside to the widow of O. B. M. Lowe for life in attempting to fix the amount to be charged to Tandy B. Lowe and in computing interest.

Disregarding all the reports of commissioners except in so far as basic figures are concerned, we have gone through the record in all the appeals and keeping in mind the holdings in the former opinions have by what we conceive to be the correct method attempted to ascertain the amount chargeable to the estate of Tandy B. Lowe as of the date fixed in the last judgment. We find ourselves to be in practical agreement with that item of the last judgment, the difference being so negligible as to forbid a holding that the judgment was incorrect in that particular. We therefore conclude that the finding against the estate of Tandy B. Lowe in the judgment of January, 1938, is greatly in excess of the amount actually due and that the judgment in that respect should be reversed.

Counsel for Octavia Lowe Williamson et al. argue in substance that the judgment of January, 1938, definitely determined and fixed the amount to be charged against the estate of Tandy B. Lowe and that the judgment in that respect had become final because not appealed from or set aside or modified in any way provided by law and that the chancellor was therefore without authority to adjudge a different amount to be due under the last judgment. Unquestionably counsel are correct in this contention. See Noe v. Davis et al., 171 Ky. 482, 188 S. W. 457, and other cases cited under Section 344, 518-524, Civil Code of Practice. Therefore while as already indicated the judgment is substantially correct as to the amount to be charged against the estate of Tandy B. Lowe and in determining the proper equalization as between heirs there is no alternative except to

reverse it on the ground urged by counsel. The same parties are also urging that the judgment is incorrect as to the amount that should be charged against Tandy B. Lowe's estate but what we have already said disposes of that contention.

On cross appeal the administratrix and heirs of Tandy B. Lowe are contending that the amount due from his estate is much less than the amount fixed by the judgment but as will be seen we have already disposed of that contention. They further contend that appellees cannot maintain this action and cite a case as supporting their argument but the case cited is clearly inapplicable and as we think this contention is not well founded. They further argue that Tandy B. Lowe's estate should be given credit by the one-third interest of Hayes Lowe in the estate of O. B. M. Lowe which Tandy B. Lowe had purchased but as indicated in the opinion on the last of the former appeals Hayes Lowe had received more than his interest in the estate. Other questions of minor importance are argued on the cross appeal but we regard them as wholly without merit and therefore the judgment would have to be affirmed on cross appeal.

Wherefore for the reasons indicated the judgment of January, 1938, is reversed to the extent above indicated and the judgment on cross appeal in the case of Octavia Lowe Williamson et al. v. Tandy B. Lowe's Administratrix et al. is affirmed but is reversed on appeal with directions to enter judgment in conformity with this opinion.